## THOMAS BEALS vs. PETER CAMERON.

Where, on a suit upon a promissory note, the Defendant's answer showed that another suit was pending for the same cause of action, and the Plaintiff replied that such former suit had been discontinued; and which was admitted by Defendant's attorney on the trial, (no proof having been given:) *held,* that, admitting that the pendency of the first suit at the time of the commencement of the second, would be a defence to the latter, yet, upon the plea or answer showing the pendency of the first suit, it was competent for the Plaintiff to discontinue that suit; and a replication of such discontinuance was a good answer to the plea. The question being whether the reply was, in fact, true at the time it was made or put in.

*Ontario Circuit and Special Term, commencing first Monday of February,* 1849.—Before WELLES, Justice.—Complaint on a promissory note

dated 4th Oct. 1848, given by Defendant to Lewis Wheelock or order, for $120, and endorsed by Wheelock to the Plaintiff.

The answer of the Defendant admits the making of the note, and that Plaintiff is the owner of it, and that Defendant has not paid it, but sets up the following facts by way of avoidance. That before this suit was commenced, learning that the note was in the hands of Thomas M. Howell, Esq., the Plaintiff's attorney, for collection, Defendant called at the office of the said attorney and offered to pay the same, and demanded the note, he having the amount of money necessary for that purpose, but that Howell refused to take the money unless Defendant would pay $9 in addition, as costs, which he said had been made in a suit to collect the note, which Defendant declined, although ready and willing, and still ready and willing to pay the amount due on the note and the protest, &c.—and further, that 'the summons and complaint in this suit were served on Defendant on the 1st December, 1848, and that on or about the 13th November, 1848, a suit was commenced on said note in the name of Lewis Wheelock as Plaintiff, by said Thomas M. Howell, as attorney. That the cause of action in both suits is the same. That the last mentioned suit was so commenced by said Howell in Wheelock's name as the attorney, and under the direction of said Thomas Beals, he being the owner of said note, and said Wheelock having no interest in the same, and never having authorized the commencement of the suit.

The Plaintiff's reply denies that Defendant demanded the note, or made a legal tender of the amount due the Plaintiff thereon, together with costs of protest to Th. M. Howell, as stated in the answer. And further, that the suit alleged to have been commenced by said Howell in the name of Wheelock upon said note is discontinued, and that there is no other than this suit depending in this court on the note.

The cause was put upon the calendar of the circuit for Ontario county, held in February, 1849, and brought to trial without a jury, by consent of parties—the Defendant's attorney admitting that the new matter stated in reply is true—no proof was offered or given upon the trial.

THO. M. HOWELL, *for Plaintiff.*

J. WILLSON and GEO. WILLSON, 2d, *for Defendant.*

WELLES, Justice.—Admitting that the pendency of the first suit at the time of the commencement of the second, would be a defence to the latter, I think, upon the plea or answer of the Defendant, showing the pendency of the first suit, it was competent for the Plaintiff to discontinue the first suit, and a replication of such discontinuance is a good

answer to the plea. The question is whether the reply was in fact true at the time it was made or put in. If at that time the first suit was legally discontinued, there was but one suit then depending, and consequently the reply was substantially true. No question was made upon the trial whether the first suit was legally discontinued. It was admitted by the Defendant's counsel, that the manner of discontinuance was by entering a rule to discontinue, and paying the Defendant's costs in the first suit. Such was the practice under the late system, where the Defendant pleaded in abatement the pendency of a former suit for the same cause of action. (4 Hill's R. 167; 1 Barn. & Cress. 649; 1 J. C. 398.)

The defence set up in the answer does not go to the merits of the action, and I can see no good reason why the former practice should not apply in this respect. Judgment is therefore ordered in favor of the Plaintiff against the Defendant for the amount claimed in the complaint.