## SUPREME COURT.

PETER S. SWART agt. BENJAMIN BORST and DAVID J.
BARNER.

Where the defendant sets up in his answer in bar, a former suit pending for the
same cause of action, the plaintiff, to make his discontinuance of the first suit
effectual, and an answer to the defendant's plea, must at least discontinue
by the time that the issue is regarded as perfected, and the cause noticed for
trial in the second suit. Otherwise, the defendant will be entitled to judgment
as having sustained his plea of a former suit pending.

*Schoharie Circuit and Special Term, May,* 1858.

PLAINTIFF sues to recover the amount of a promissory note executed by the defendants to him, bearing date 12th of September, 1856, for $232.64, and payable three days after date with interest.   This suit was commenced on the 13th day of April, 1858.

The defendants plead a former suit in bar for the same cause of action, commenced on the 15th day of February, 1858, and still pending.   The answer was verified on the 28th of April, 1858, and served on the 3d day of May, 1858, and with it a notice of trial for the Schoharie circuit, commencing on the 17th of May, 1858.

The first suit was commenced on the 15th day of February, 1858, which would give the defendant until and including the 8th day of March to answer, the 20th day falling on Sunday. Judgment was, however, entered for the plaintiff by default, on the 8th day of March, 1858.   On the 20th day of March, 1858, the defendants not having appeared in the suit, served notice of motion for the special term at Albany, held on the last Tuesday of March, 1858, to set aside the said judgment for irregularity, and the motion was granted with costs, which costs were paid.

This was the state of things when the Schoharie circuit commenced on the 17th of May.   On the 19th of May, the plaintiff entered with the clerk of Schoharie circuit, an order discontinuing the first suit, in the following form : "On motion of Almerin Gallup, attorney for plaintiff in this action, ordered that this action be and the same is hereby discontinued."   And served notice thereof on the defendants and the defendants' attorney.

On the 17th of May, the plaintiff on an affidavit, obtained from the circuit judge an order to show cause why the first suit should not be discontinued, returnable on the following day, and on that day after hearing the parties, an order was granted discontinuing the first suit, "without prejudice to the defence interposed in the suit now at issue," (the second suit.)

Swart agt. Borst.

Notice of this order was served on the defendants and on the defendants' attorney in this suit, on the same day.

On the 20th day of May, 1858, this suit came on for trial on the above facts.

BREWSTER & DAVIS, *for defendants.*
H. SMITH, *for plaintiff.*

HOGEBOOM, Justice. The case of *Averill* agt. *Patterson,* in the court of appeals, (10 *How. Pr. Rep.* 85,) decides that to effect a discontinuance, an *order* must be entered. Hence the first suit was not discontinued when the Schoharie circuit commenced on the 17th of May. There was nothing that I discover up to that time, which would have prevented the plaintiff from entering judgment in the first action. No answer or appearance had been put in, unless the notice of motion to set aside the judgment was an appearance. I can see no good reason for commencing the second suit. It seems to have been wholly unnecessary.

The case above cited, further decides that where a plea or answer of a former suit pending is interposed, it is competent for the plaintiff to discontinue the first suit, and a replication of such discontinuance is a good answer to the plea. Assuming that this means that the plaintiff may discontinue the first suit after the commencement of the second, and after the answer is put in, which certainly allows him a great deal of latitude, inasmuch as it allows him thus to defeat a plea or answer which may have been interposed in perfect good faith, still I think the plaintiff has not taken the proper steps to enable him to avail himself of that reply to the defendants' answer. True, he was not obliged to reply—and he is permitted to occupy the same position as if he had put in a reply. But assuming that he must or may be deemed to have interposed a replication that the former suit was discontinued, has he proved it? The issue must be deemed to have been joined at the time the notice of trial was served. At that time, at all events, there was no discontinuance. Can the plaintiff discontinue at

any time before the actual trial comes on, so as to defeat the defendant's answer? If so, he may wait circuit after circuit, if the cause is not reached, and ultimately enter his order just before the actual trial, and then impose all the costs upon the defendant. I think this cannot be so, I think the discontinuance must be effected at least by the time that the issue is regarded as perfected and the cause noticed for trial. This not having been done in the present case, the defendants are entitled to judgment as having sustained their plea of a former suit pending.