Harman J. Bliss agt. F. and L. Burnes.

## HARMAN J. BLISS AGT. F. AND L. BURNES.

*Bill of Exchange: Promissory Note: Practice: Pleading: Jurisdiction:*
*Waiver: Motion: Exceptions: Error.*

1. An instrument in words and figures following:

"$2,637.47.                    PARKVILLE, Mo., April 5th, 1857.

"Fifteen months after date, pay to the order of Fielding Burnes and Lewis Barnes twenty-six hundred and thirty-seven and forty-seven one hundredths dollars, at the Bank of the State of Missouri, in the city of St. Louis, Mo., for value received, bearing ten per cent. interest after the second day of April, 1858.

"McCOWN AND BUCK.

"To ——————."

With the following words written across its face:

"Accepted April 2, 1857.

"S. N. SIMPSON,

"H. J. BLISS."

is not, *in itself*, either a bill of exchange, promissory note or writing obligatory, and does not, of itself, import a liability on the acceptors, nor can it be made by any means to operate as "a bill of exchange or writing obligatory."

2. But such instrument may, by proper averments in the petition and proof on the trial, be made to operate as "a promissory note." The instrument should be treated as a promissory note, and there should be an averment in the petition that Bliss (who alone was served), when he accepted it, then and there promised to pay it, or by showing his original liability to pay the debt for which it was given; and, in either case, proof must be made at the trial if denied by the answer.

3. The code has not changed the substance of pleading, nor has it made pleading bad in substance, at common law, good under it.

4. Pleas to the jurisdiction are dilatory pleas, and were not favored by the common law practice, and much less by the spirit of our code. If not taken advantage of by answer, when the want of jurisdiction does not "appear on the face of the petition," the objection is waived.

5. Where it does not appear by the record that a motion in a cause was acted upon, the matter can not be inquired into by this court. It must appear by the record that action was asked and refused, and that refusal excepted to.

**ERROR from the District Court of the First Judicial District in and for Leavenworth County.**

*By the Court*—PETTIT, C. J.

This is a petition in error to reverse a judgment of the first district court, sitting in the county of Leavenworth. On the 14th of September, 1858, the defendants in error brought suit against W. J. McCown, Edwin Buck, Jr., S. Nolan Simpson and Harmon J. Bliss, the plaintiffs in error, on the following instrument:

"$2,637.47.        PARKVILLE, Mo., April 5th, 1857.

"Fifteen months after date pay to the order of Fielding Burnes and Lewis Burnes, twenty-six hundred and thirty-seven 47-100 dollars, at the Bank of the State of Missouri, in the City of St. Louis, Mo., for value received, bearing 10 per cent. interest after the 2d day of April, 1858.   McCOWN & BUCK."

And the following words were written across the face of it:

"Accepted April 2d, 1857.
                "S. N. SIMPSON.
                "H. J. BLISS."

A copy of this instrument was attached to and filed with the petition in the district court, as the code requires. A summons was issued to and served, by the sheriff of Leavenworth county, on Bliss, on the 16th day of September, 1858. On the 22d day of March, 1859, Bliss filed, in the clerk's office, a motion to set aside the summons and strike it from the files; but this motion was never presented to or pressed upon the court, nor was any action taken upon it; hence, the plaintiff in error can not here avail himself of any

supposed or real defects in the summons or the mode of service, if he afterwards appeared to the action below. Before a party can rightfully complain of the non-action of a court on a motion, he must show, by the record, that action was asked and refused, and the refusal excepted to ; but this point is not made in the petition in error, nor is it alluded to in the brief of the counsel for Bliss, but was incidentally raised in the oral argument.

The petition in the district court, in every description it gives of the instrument sued on, calls it *" a bill of exchange, promissory note* or *writing obligatory,"* and charges that McCown and Buck made it and delivered it to Simpson and Bliss, who then and there accepted, upon sight thereof, and delivered the same to the said plaintiffs. To this petition Bliss demurred, and for causes or grounds of demurrer assigned the following : " First. The said court has no jurisdiction of the person of the defendant. Second. The petition does not state facts sufficient to constitute a cause of action against the defendant (Bliss), in favor of the plaintiffs." Under the first head or specification of the demurrer, it is sought to be shown that the court had no jurisdiction of the person of Bliss, because the summons was served on him by the sheriff of Leavenworth county, instead of the United States marshal ; and it is claimed that advantage can be taken of this defect (if defect it be) by demurrer to the *petition.* This is a mistake. The defendant may demur to the petition, when it *" appears on its face"* that the court has no jurisdiction of the person, etc. Code of 1858,

page 79, section 89—same page, section 89, provides that, if the defect does not appear on the face of the petition, it may be taken advantage of by answer. No want of jurisdiction appears on the face of the petition, and if it really existed, it should have been shown by answer. This was not done, and the party can not avail himself of it in any manner in this court. Pleas to the jurisdiction are dilatory pleas, and were not favored by the common law practice, and much less by the spirit of our code. If not taken advantage of by answer, where the want of jurisdiction does not appear on the face of the petition, it is waived by the defendant. Such is the situation in this case.

This brings us to the last, and, as we conceive, the only real question in the case, viz., that the petition does not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and it is insisted by the counsel of Bliss, that it was error in view of the language used in the petition, describing the instrument sued upon, as a "certain bill of exchange, promissory note or writing obligatory." It is contended that the petition in this particular is ambiguous, doubtful in meaning and in the alternative, and is, therefore, bad in demurrer, as not containing facts sufficient to constitute a cause of action. It is also said that this is not a bill of exchange, there being no drawee named in it; and if there be a liability on the acceptors, it must be by treating the instrument as a promissory note, and averring in the petition that they promised to pay it at the time of the acceptance. This averment is not in the petition.

The authorities are numerous, uniform, and, we believe, without contradiction, that this would have been a bad declaration under the common law practice. It only remains for us to determine whether the code has so changed the rules and principles of practice as to make it a good petition. The Code of 1858, under which this case was brought, provides, section 2: " Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice." Section 114 provides : " That in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." Section 38: " That persons severally liable on the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff." Section 83 : " That the rules of pleading, heretofore existing in civil actions, in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this code." Section 85 : " The petition must contain a statement of the facts, constituting the cause of action in ordinary and concise language, and without repetition." Section 117 : " That if the action * * * be founded on account, or a note or bill or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading." Section 122 : " That in an action, counter-claim, or set off, founded upon an account, promissory note, bill of exchange, or

other instrument, for the unconditional payment of money only, it shall be sufficient for a party to give a copy of the account or instrument, with all credits, and the endorsements thereon, and to state that there is due to him on such account, or instrument, from the adverse party, a specified sum, which he claims, with interest." Section 138 : " That the court, in every stage of an action, must disregard any error or defect in the pleadings and proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." We have here collected and copied, we believe, all the provisions of the code which can bear upon or affect the question before us, viz. : Has the code changed the substance of pleading, or has it made pleadings bad in substance, at common law, good under it? We think not. And in this we are abundantly sustained by law writers and adjudicated cases in those states, from which we have copied our code. Vansantvoord's Pleading, page 291 ; Boyce *agt.* Brown, 7 Barb., 80 ; Whitaker's N. Y. Practice, 308 and 324 ; McMurry *agt.* Gifford, 5 Howard P. R. 14 ; Sayles *agt.* Wooden, 6 Howard, 84, etc.

The instrument sued upon is not in itself either a bill of exchange, promissory note, or writing obligatory, and does not of itself import a liability on the acceptors ; nor can it be made by any means to operate as a bill of exchange or writing obligatory ; but by proper averments in the petition, and proof on the trial, it may be made to operate as a promissory note. These averments are not in the petition, and could not,

therefore, have been proved on the trial. Pets *agt.* Reynolds, 26 Eng. Law and Eq., 424.

This decision was made by me in the hurry and turmoil incident to a district court in this territory, without argument, and without the presentation of authorities, or even the reading of the petition; but I am fully satisfied that I committed an error in over-ruling the demurrer, and it gives me sincere pleasure to give my view in its correction.

The instrument should be treated as a promissory note, and there should be an averment in the petition that Bliss, when he accepted it, then and there promised to pay it, or by showing his original liability to pay the debt for which it was given; and, in either case, proof must be made at the trial, if denied by the answer.

ORDER.—The judgment against Bliss is reversed at the costs of the defendants in error; and remanded to said district court with instructions to sustain the demurrer and give the plaintiffs below leave to amend their petition, all of which is ordered to be certified.