Jones, J.
As regards the defense of another action pending, alleged in the tenth paragraph of the answer, the allegations in that paragraph were true at the time the answer was served, for no order of discontinuance had been entered.. (See opinion in Bishop v. Bishop, ante p. 194.) But at the time this motion was noticed they were not true, because then an order of discontinuance had been entered. This paragraph must consequently be stricken out as sham. (1 John. Ch. 397. 3 How. Pr. 414. 10 N. Y. Rep. 500.)
With regard to the allegations in the sixth, seventh and eighth paragraphs of the answer respecting adulteries committed by the plaintiff, I do not understand it to be claimed that these allegations are false; at all events there is no affidavit denying them. But it is claimed that inasmuch as the defendant fails to allege in her answer that she has not cohabited with the plaintiff since the discovery of the *277 adulteries therein alleged, and as the affidavits clearly show that she has been living with the plaintiff, apparently as man and wife, in perfect amity, long after her discovery of those adulteries, it is apparent that a defense based on them cannot be sustained; and, therefore, although the allegations made, so far as they go, are true, yet as other matters which are not alleged, without whose existence those which are alleged cannot constitute a good defense, and are disproved, the whole defense becomes a sham, because, although true in the parts alleged, there is falsity in essential parts not alleged. And this is sufficient to authorize the striking out of the true allegations as sham. It is also contended that these allegations, by reason of there being no averment of non-cohabitation, constituted no real defense and therefore are sham. In the view which I have taken of the answer it is unnecessary to decide the points thus raised.
The answer also alleges adultery committed subsequent to those before referred to, and that by reason thereof the plaintiff communicated to the defendant a venereal disease. If this be so, then the effect of the previous adulteries, although' condoned by voluntary cohabitation, would be revived, and are proper to be set forth in the answer. The questions then arise whether the subsequent adultery set forth in the fifth paragraph, is sufficiently pleaded, and if so, whether the allegation is clearly shown to be false. The allegation is, in effect, that the plaintiff, in February and March, 1867, at the cities of Hew York and Brooklyn, committed adultery, and thereby contracted a venereal dis- . ease which he communicated to the defendant some time about the month of March, 1867. This allegation is as specific as that in the complaint in Johnson v. Johnson, (14 John. 637,) upon which the court of errors, under the •circumstances of that case, was of opinion that the plaintiff was entitled to a divorce. The circumstances in this *278 case are in the essential points similar to those in the case stated. I am aware of the general rule that the time when, place where, and person with whom the adultery charged was committed, should he alleged. But that is matter of form and regularity only, and the rule is not universal. There are many exceptions to it; one of them is where the husband, long after marriage, communicates a venereal disease to the wife. In such case that fact is prima facie evidence of adultery having been committed, although when, where, or with whom, is not proved. The innocent party, upon proving that fact, may rest his or her case, and if the proof be not rebutted is entitled to a divorce, except in those cases where it is essential to the jurisdiction of the court that the adultery should have been committed within this state. In which case other circumstantial evidence will be sufficient to warrant a finding that the adultery was committed in this state. As then, where the wife alleges the communication to her by her husband, of a disease, and proves it the fruit of an illicit connection, she is not bound to prove when, where or with whom the husband had the adulterous intercourse' which resulted in his contracting the disease, it would be superfluous to require her to be thus specific in the allegations in her answer or complaint. I think therefore the. adultery ' alleged in the fifth paragraph is sufficiently pleaded.
But are the allegations respecting it clearly shown to be false ? It is urged that they are, b'ecause she swears that the disease was communicated to her about March last, and that she could not so swear unless she then knew it; that as she must have known it in March, although she swears that she has not cohabited with her husband since she discovered it, while the proof is incontestable that she lived with him afterwards, it is evident that the whole thing is false; and it is further said that her admitted act of adultery took place long after March, and if she knew *279 in March that she had contracted the disease, or even if she had known it at the time of committing the adultery, she would not have done so. This is convicting the defendant of perjury by a process of reasoning which is not satisfactory to my mind. In order thus to convict, there should be no escape from the conclusions deduced by the reasoning. In this case it may be that the very admitted act of adultery led to the defendant’s discovery of her affliction. The person with whom that adultery was committed may have first opened her eyes, upon which on going to a physician she may have learned from him that indications which were not observed until March, 1867, were evidences of the disease. Upon this she may base her allegation. The possibility of this having been the mode in which the defendant first discovered her affliction and arrived at a knowledge of the time when her husband infected her, is sufficient to prevent me from acting on the reasoning of the plaintiff’s counsel and striking out the allegation as clearly false. It is true the plaintiff unequivocally denies this allegation. But that only raises an issue between the parties. What may be the result of the trial of that issue it is not my province to speculate on. Suffice it to say that the allegations are not so clearly and palpably false as to justify me in debarring the defendant from a trial upon them.
So much of the motion as calls for striking out the tenth paragraph must be granted; the rest of it must be denied, without costs.