By the Court. Jones, J.
The commencement of an action for the recovery of part of an entire demand does not extinguish the right of action for the balance.
If such action proceeds to judgment, then the judgment would be a bar to any action brought to recover the balance of the demand.
But the mere pendency of a prior action for part of an entire demand can be pleaded in a subsequent action for the balance of such demand in abatement only (Secor v. Sturgis, 16 N. Y., 548).
If such plea in abatement is interposed to the second suit, the plaintiff therein may discontinue the first one, and thereupon the plea falls (Swart v. Borst, 17 How. Pr., 69).
In the present case the stipulation entered into in the former action, and its full performance, entitled either party to have a formal order of discontinuance entered.
But no order of discontinuance has been entered, therefore that former suit must be regarded as still pending (Averill v. Patterson, 10 N. Y [6 Seld.], 500).
If then the pendency of that former suit had been pleaded in abatement to this one, this complaint must have been dismissed on the ground of such pendency, unless the plaintiff had at least before noticing this action for trial, entered an order of discontinuance of the first action.
But the defendant did not plead such pendency of the *391former action in abatement. He pleads it in connection with other matters as a bar.
Nowhere in his answer does he admit that it is still pending ; on the contrary, he treats it as at an end and completely disposed of.
Formerly, great strictness was required in pleas of abatement, they being dilatory pleas. Even under the Code sufficient strictness should be required to show whether the defendant relies on the matters pleaded as an abatement to the existing action or as a defense in bar to the cause of action.
The answer in this action not only does'not show that the pleading of the former suit was relied on in abatement, but shows that he relied on the fact of the commencement of that suit, in connection with other matters, as a bar; and as a plea in abatement this answer is radically defective in omitting the material allegation of its still continued pendency.
If he had pleaded such pendency in abatement, the plaintiff would have been put in position to destroy the effect of the plea, by entering a formal order of discontinuance of the first action.
As, then, the pendency of the first suit is not a bar, and has not been pleaded in abatement to this action, it forms no obstacle to the plaintiff’s right of recovery.
The remaining question is as to the exclusion of the oral evidence offered, to show that this demand in suit was included in the compromise and settlement of the first suit.
The terms of that settlement are evidenced by a written agreement, in which there is no ambiguity or uncertainty. Oral evidence is, consequently, inadmissible to alter or vary that agreement.
That agreement was entitled in the first action, and commences with the following language : “It is hereby stipulated and agreed, by and between the parties hereto, that the amount of plaintiff's demand in this action be and is hereby fixed at the sum,” etc. It is urged that under this language, oral testimony was admissible, to *392show what the plaintiff’s demand in the action was. His complaint, which was in writing, and which had been served before the settlement was made, showed what the demand in the action was.
The demand claimed in the complaint, and that only, is the “ demand' in this action.” This is the only demand to which the words, “ demand in this action,” can possibly refer'. What that demand was, is shown by the written complaint; and it cannot be altered or varied by parol evidence.
Monell and Fithian, JJ., concurred.
.Judgment' affirmed, with costs.