Buettinger v. Hurley.

*3. Reversal of judgment on one count— not on others.*

---

WILLIAM BUETTINGER v. MARGARET HURLEY, *et al.*

1. NEW TRIAL; *Motion; Presumption.* Where a verdict is rendered by the jury, and a motion is made for a new trial, and a judgment is rendered upon the verdict, and the record does not show that the motion for the new trial was ever acted upon by the trial court, *held,* that it cannot be presumed that such motion was ever so acted upon.

2. ERRORS, *When Considered in Supreme Court.* Errors occurring during the trial cannot be considered by the supreme court unless a motion for a new trial, founded upon and including such errors, has been made and overruled.

3. Two ACTIONS, *Pending; Abatement.* Where B., as a landlord, commences an action of unlawful detainer, before a justice of the peace

| | |
|---|---|
| 34 | 585 |
| 40 | 190 |
| 34 | 585 |
| 46 | 276 |
| 34 | 585 |
| 48 | 306 |
| 34 | 585 |
| 60 | 640 |
| 34 | 585 |
| f61 | 252 |
| 34 | 585 |
| 64 | 773 |
| 34 | 585 |
| 65 | 407 |

against his tenant, to recover the possession of a certain piece of land, because of the failure of the tenant to pay rent, and, while such action is pending in the district court on an appeal from the justice of the peace, B. commences a second action in the district court in the nature of ejectment, to recover the same land from the same defendant, *held*, that the pendency of the action of unlawful detainer does not abate the action in the nature of ejectment; that the two actions are not the same action, or the same kind of action, either in substance or in form; nor are they so near alike that the pendency of one will abate the other.

### *Error from Leavenworth District Court.*

TWO ACTIONS—one of unlawful detainer, and the other in the nature of ejectment—brought by *Buettinger* against *Hurley* and another. In the former action, judgment for costs against the plaintiff was rendered at the April Term, 1883; in the latter action, judgment for costs against the plaintiff at the September Term, 1883. *Hurley* brings the cases here. The facts are stated in the opinion.

*H. T. Green*, for plaintiff in error.

*Lucien Baker*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: Two cases of the same title are now presented to this court upon the same briefs and the same argument. The first case was an action of unlawful detainer, commenced originally by William Buettinger against Margaret Hurley and G. M. Hurley before a justice of the peace, to recover the possession of a certain piece of land, which action was taken on appeal to the district court, where it was tried before the court and a jury, and judgment rendered in favor of the defendants and against the plaintiff for costs. The other case was an action in the nature of ejectment, brought originally in the district court, by the same plaintiff against the same defendants, for the recovery of the same piece of land, which case was also tried before the court and a jury, and judgment rendered in favor of the defendants and against the plaintiff for costs. Both of the foregoing judgments the plain-

tiff, as plaintiff in error, now seeks to have reversed by separate petitions in error in this court.

The errors assigned in the first case relate to rulings of the court below at the trial, and the overruling of the plaintiff's motion for a new trial. Unfortunately, however, for the plaintiff, the record does not show that any exception was taken to any of the instructions given or refused by the court below, and it does not appear that the motion for a new trial has ever been acted upon by the trial court. It appears from the record that after the verdict of the jury was rendered, and after a certain special finding was made by the jury, the defendant moved for a new trial upon various grounds, and that afterward, without any action being taken upon the motion for a new trial, the court rendered judgment against the plaintiff and in favor of the defendants upon the verdict and finding of the jury; and that this was done without any objection, protest or exception by the plaintiff. Now we cannot assume that because judgment was rendered upon the verdict and finding, that the motion for the new trial was acted upon; for a judgment may be rendered and the judgment enforced pending a motion for a new trial; and in the absence of any objection by either party, no error would be committed by the trial court in adopting or following such a course. (*Church v. Goodin*, 22 Kas. 527; *Bliss v. Burnes*, McCahon, 91; same case, 1 Kas. [Dassler's ed.,] 518.) In other words, without any showing in the record, we cannot say that the motion for the new trial was acted upon by the trial court; nor can we say that the court erred with reference thereto. Error must be affirmatively shown; and it will not, in the absence of any showing, be presumed. Also, in the absence of any action by the court below on the motion for a new trial, this court cannot say that the court below erred with regard to any of the proceedings occurring during the trial. (*Decker v. House*, 30 Kas. 614, 616, and cases there cited.) It is held in the case just cited, "that all errors occurring during the trial, including supposed erroneous findings

1. Motion for new trial, not assumed to have been acted upon.

2. Errors, when considered in supreme court.

of the court or jury, are waived, and cannot be considered by this court, unless a motion for a new trial, founded upon and including such supposed errors, has been made and *overruled* in the district court;" and to this decision we adhere.

In the second case only one question is presented, which is as follows: While an action of unlawful detainer to recover the possession of a certain piece of land is pending in the district court on an appeal from a justice of the peace, can the plaintiff in such action commence a second action in the district court in the nature of ejectment to recover the same land from the same parties? The court below decided this question in the negative, and held that the pendency of the action of unlawful detainer abated the action in the nature of ejectment. Now while the action of unlawful detainer was in fact pending at the time when the action in ejectment was commenced, yet it was not pending at the time of the trial of the ejectment action. It had been disposed of several months prior to that time; but it does not seem that the court below considered this fact as of any importance. There are decisions, however, to the contrary: *Chamberlain v. Eckert*, 2 Biss. 124; *Hixon v. Schooley*, 2 Dutcher, 461; *Swart v. Borst*, 17 How. Pr. 69; *O'Beirne v. Lloyd*, 1 Sweeney, 19.

Neither is the action of unlawful detainer and that of ejectment the same action or the same kind of action, either in substance or in form. The first is by a person who claims the possession only of the real property, and who founds his right to recover the possession solely upon a prior possession, constructive or actual, in himself or grantor, and against a person who cannot or who has not the right to set up any right of possession as against the plaintiff; and no question of title or estate can be litigated in the case; while the second action is to recover an *estate*, legal or equitable, in the real property, with the title and the incidental right of possession; and the two cases must be brought in different forums and presented to the courts by very dissimilar pleadings. In California it has been held that in an action to recover land, an answer, by the defendant, of another action pending, must

show that the same title, the same injury, and the same subject-matter, were in controversy in both actions, and that such an answer should be strictly construed. (*Larco v. Clements*, 36 Cal. 132.)    And this we think is generally correct. (See also 6 Wait's Actions and Defenses, 500, 501.)    In the present case, the unlawful-detainer action was by an alleged landlord against his alleged tenant, to recover the premises because the alleged tenant had failed to pay rent; hence the only material questions in the unlawful-detainer action were, whether the defendant was in fact the tenant of the plaintiff, and whether he had so failed to pay his rent as to forfeit his tenancy; while in the ejectment action the only material questions are, whether the plaintiff had a legal or equitable *estate* in the land in controversy, and whether as incidental to such estate he is entitled to the immediate possession of the land.    It is admitted in both actions that the defendants have the actual possession of the property, and that they have continuously kept the plaintiff out of the possession; and therefore while these questions of possession are to some extent common to both actions, yet they are not contested questions, and the material and substantial questions involved in one case are very dissimilar from those involved in the other.    In the unlawful-detainer action, the plaintiff might have recovered without regard to who owned the property, and even if the defendants themselves had owned it.    In that action the question of title or ownership could not be litigated; while in the ejectment action the questions of title and ownership are the principal

3. Two actions pending; abatement.

questions involved in the case.    We cannot think that the two actions are so much alike that the pendency of one is a good ground for the abatement of the other.

It therefore follows from what we have said in this opinion, that the judgment of the court below in the unlawful-detainer action must be affirmed, and the judgment in the ejectment action must be reversed, and a new trial granted.

All the Justices concurring.