KATE M. PAGE *vs.* EMMA E. MITCHELL.

October 28, 1887.

**Pleading.**—Matters in abatement may be united with other defences in the same answer.

**Same—Defence of Prior Action Pending—Dismissal—Reply.**—Upon a plea or answer showing the pendency of a former suit between the same parties for the same cause, it is competent for the plaintiff to dismiss the first suit, and to set up such dismissal in his reply, which will constitute a good answer to such plea.

Appeal by defendant from a judgment of the municipal court of Minneapolis.

*Miller, Young & Miller,* for appellant.

*John R. Van Derlip,* for respondent.

VANDERBURGH, J. The defendant's answer sets up the pendency of a former suit between the same parties for the same cause, and also a separate defence upon the merits. The two defences were properly united in the same answer. The plaintiff's reply admits the former action, but alleges dismissal, and puts in issue the further allegations in the answer. At the trial the defence upon the merits failed; and as to the plea in abatement, it is found by the court that at the time of the service of the summons in this action a notice of dismissal of the former suit was also served on the defendant,

and was immediately mailed to the clerk, whose duty it thereupon became to make the proper entry; but it was not, however, filed or entered until several weeks afterwards. The trial court held that it was enough that the former suit was dismissed before the trial, and gave judgment for the plaintiff on the merits.

We think the case properly disposed of. When the trial was reached there was but one suit pending, and there was no good reason why it should not then be tried on the merits. If the former suit had not been discontinued, the defendant would have been entitled to judgment for her costs in this suit, and the plaintiff would be at liberty to proceed to trial in the former action; but, as the case stood at the trial, defendant was entitled to judgment of dismissal and for her costs in the former suit, and plaintiff was entitled to proceed to trial and judgment in this action. There certainly could be no propriety or justice in driving her to a new action. *Averill* v. *Patterson*, 10 N. Y. 500–502, and cases cited; *Chamberlain* v. *Eckert*, 2 Biss. 124; *O'Beirne* v. *Lloyd*, 1 Sweeny, 19; *Blandy* v. *Raguet*, 14 Minn. 368, (491, 497.) The better rule in practice, we think, is this: Upon a plea or answer showing the pendency of a former suit, it is competent for the plaintiff to dismiss the first suit, and a reply setting up such dismissal is a good answer to the plea. The issue will therefore be embraced within the pleadings, and the question thereon will be whether the reply is true. *Beals* v. *Cameron*, 3 How. Pr. 414, and cases.

No question is made here upon the reception of the evidence under the reply, or in respect to the sufficiency of the latter.

Judgment affirmed.