JOSEPH BANIGAN *vs.* WOONSOCKET RUBBER COMPANY.

PROVIDENCE—MAY 4, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Pleading and Practice.    Pendency of Action for Same Cause.    Set-off.*

The plaintiff began an action in assumpsit against the defendant ; two days later the defendant began an action of debt against the plaintiff.    Afterwards the defendant filed a plea in set-off in the action commenced by the plaintiff, and sought to avail itself by said plea of the same causes of action declared upon in its suit against the plaintiff.    To the plea in set-off the plaintiff replied, setting up the defendant's action in abatement of said plea.    Upon demurrer to the replication, the Appellate Division overruled the demurrer and remanded the cause to the Common Pleas Division. Thereupon the defendant discontinued its action so far as the claims set up in the plea of set-off were concerned, and moved to file a rejoinder, setting up such discontinuance, to the replication ; but the Common Pleas Division denied such motion.    Upon exceptions to the ruling :—

*Held,* error. · It is a good answer to a replication setting up the pendency of a prior action for the same cause, to a plea in set-off, that the former suit has been discontinued.

(2)  *New Trial.    Judicial Discretion.*

*Held,* further, that the court in denying the defendant's motion was exercising a judicial discretion, hence its decision was reviewable.

(3)  *Pleading and Practice.    Another Action Pending.*

The pendency for the same cause of a suit brought subsequently to a prior action cannot be set up in any stage of the pleadings as an answer to such action.

ASSUMPSIT.    The plaintiff brought this suit, and two days later the defendant began an action of debt against the plaintiff.    Afterwards the defendant filed a plea in set-off to

the present action, and sought to avail itself by said plea of the same causes of action declared upon in its suit against the plaintiff. To the plea in set-off the plaintiff replied, setting up the defendant's action in abatement of the plea. Upon demurrer to the replication, the Appellate Division overruled the demurrer and remanded the case to the Common Pleas Division. Thereupon the defendant discontinued its action so far as the claims set up in the plea of set-off were concerned, and moved to file a rejoinder, setting up such discontinuance, to the replication. This motion was denied by the Common Pleas Division, which gave decision in favor of the plaintiff on the ground that the defendant had filed no affidavit of defence.

Heard on petition of defendant for a new trial, and new trial granted.

For a former decision in this case, see 21 R. I. 171.

(1)    MATTESON, C. J. Our opinion is that the defendant should have been permitted to file a rejoinder, setting up its discontinuance as to the claims pleaded in set-off of its suit of August 8, 1896, to the replication of a pending suit to the plea in set-off. Notwithstanding authorities to the contrary cited by the plaintiff, 1 Chit. Pl. *470 ; *Com.* v. *Churchill*, 5 Mass. 174 ; *Demond* v. *Crary*, 1 Fed. Rep. 480 ; *Swart* v. *Borst*, 17 How. Pr. 69, we think the tendency of the later cases and a preponderance of authority sustain the defendant's contention that it is a good answer to a plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. *Page* v. *Mitchell*, 37 Minn. 368 ; *Warder* v. *Henry*, 117 Mo. 530 ; *Chamberlain* v. *Eckert*, 2 Bissell, 124 ; *Marston* v. *Lawrence*, 1 John. Cas. 397 ; *Findlay* v. *Keim*, 62 Pa. St. 112, 118 ; 1 Ency. Pl. & Pr. 756, note. If a good replication to a plea, it is, of course, equally good as a rejoinder to a replication when the pleadings have advanced to that stage.

(2)    The plaintiff's counsel takes the point that the decision of

the Common Pleas Division refusing the defendant's motion for leave to file a rejoinder, its demurrer to the plea of a former suit pending having been overruled, was within the discretion of the Common Pleas Division, and not reviewable. Granting that it was discretionary, it was a discretion affecting the right of the defendant given by the statute to plead its claim in set-off, and hence a judicial discretion, and, as such, reviewable. *Sullivan* v. *Waterman*, 21 R. I. 72. The practice of granting permission to plead after the overruling of a demurrer is well established, and the policy of the court in this respect has been liberal. *State* v. *Edgerton*, 12 R. I. 104, 108; *Reid* v. *Providence Journal Co.*, 20 R. I. 120, 125.

(3)   It being conceded that the defendant has brought, and has pending, a second action for the same causes as those embraced in its plea in set-off, the action having been brought to prevent a possible barring of these claims by the statute of limitation, the plaintiff claims that the defendant should not be allowed to plead by way of rejoinder the discontinuance of its former action, because this will necessarily lead to a surrejoinder of the pendency of this second action, and thus the same result will be reached as on the plea of the pendency of the former action, and the defendant may then discontinue its second action and plead such discontinuance in rebutter, and so on *ad infinitum*.

We do not think that the direful consequences which the plaintiff's counsel anticipates from an endless chain of pleading are likely to ensue. The plaintiff cannot set up by way of surrejoinder the pendency of the new suit, since the pendency of a suit subsequently brought cannot be pleaded, because not a pending suit when the former action was begun; though doubtless the pendency of the claims in set-off may be pleaded in abatement of the suit subsequently brought. *Renner* v. *Marshall*, 1 Wheat. 215; *Webster* v. *Randall*, 19 Pick. 13, 20; *Nicholl* v. *Mason*, 21 Wend. 339.

New trial granted, and case remitted to the Common Pleas

Division with direction to permit the defendant to file its rejoinder in accordance herewith.

*James Tillinghast*, for plaintiff.

*Francis Colwell, Edwards & Angell*, and *Samuel Norris, Jr.*, for defendant.