DRUHE HARDWOOD LUMBER COMPANY v. HASKELL G. FISCHBEIN.[1]

May 17, 1907.

Nos. 15,069—(31).

**Replevin—Property in Custodia Legis.**

Replevin cannot be maintained in a state court against an officer of a federal court to recover property in his possession as such officer. The property in such case is in custodia legis, and the remedy of the person claiming it to be wrongfully detained from him is in the federal court whose officer withholds it.

[1]Reported in 111 N. W. 950.

101 M.—6

**Objection to Jurisdiction.**

> Objection to the jurisdiction of the state court in such case is season-
> ably taken by answer, when the facts showing want of jurisdiction do
> not appear upon the face of the complaint.

Action in the district court for Ramsey county against the St. Paul
Furniture Company and others to recover a carload of lumber or
$934.24, the value thereof. The case was tried before Hallam, J.,
who directed a verdict in favor of defendants and that defendant, Has-
kell G. Fischbein, is entitled to a recovery of the property. From an
order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Otto Kueffner* and *Albert Schaller,* for appellant.

*Morphy, Ewing & Bradford,* for respondent.

BROWN, J.

Action in claim and delivery for certain lumber alleged to be wrong-
fully detained by defendants. The trial court directed a verdict for
defendants, and plaintiff appealed from an order denying a new trial.

The facts are as follows: On May 4, 1905, plaintiff, a corporation
under the laws of the state of Missouri, doing business at St. Louis,
that state, sold to the St. Paul Furniture Company, a corporation do-
ing business at St. Paul, this state, the lumber in question, and shipped
the same on that day by railroad from St. Louis to the furniture com-
pany at St. Paul. At the time of ordering the lumber the furniture
company was insolvent, and soon after its arrival at St. Paul the com-
pany made a trust deed of all its property to defendants Smith, An-
drews and Field for the benefit of its creditors; the trustees being
by the terms of the deed expressly authorized and empowered to con-
tinue the business of the company in all respects as theretofore con-
ducted by it. Thereafter, and on May 11, 1905, the trustees took pos-
session of the lumber, unloaded it from the car in which it was shipped,
and removed the same to the yards and upon the premises of the
furniture company. On May 16, 1905, and while the trustees were
so in possession of the lumber, proceedings in involuntary bankruptcy
were instituted against the furniture company in the district court of
the United States for the district of Minnesota, in which defendant
Fischbein was duly appointed receiver of all its property. Fischbein
thereafter properly qualified as such receiver and took possession of

the premises, property, and effects of the furniture company in the hands of the trustees, including this lumber, claiming it as the property of and belonging to that company. Plaintiff then brought this action to recover the possession of the lumber, on the theory and contention that, upon discovering the insolvency of the furniture company, it had the right to stop the lumber in transit, and, further, that the act of the company in ordering the lumber, knowing of its insolvency, was such fraud as entitled plaintiff to rescind the sale; that it did upon notice of the fraud rescind the contract; and hence that the title to the lumber never passed to the furniture company, and the detention thereof by defendant was unlawful.

The point urged by defendant Fischbein, namely, that the property at the commencement of the action was in his possession as receiver of the bankrupt furniture company, as an officer of the federal court, and therefore in custodia legis, and not subject to an action in replevin, which is well taken, precludes from consideration the questions raised by plaintiff respecting the ownership of the same. Whether the legal title of the lumber passed to the furniture company by the transaction with the plaintiff or not, the fact remains that it was shipped to that company by plaintiff under the contract of sale. Possession thereof was taken by the trustees named in the deed of trust, and later by defendant Fischbein as receiver, who now holds the same under the claim of official right as its property. So that, if replevin for the property cannot be maintained in the state courts, there is an end of the case, and the merits of the receiver's title must be presented to the federal court having control of the bankruptcy proceedings.

It is thoroughly settled that replevin cannot be maintained in the state courts against an officer of a federal court to recover property in his possession as such officer. The property in such a case is in the custody of the law, and the remedy of a third person claiming to own it is in the federal court, whose officer withholds it. Lewis v. Buck, 7 Minn. 71 (104), 82 Am. Dec. 73; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; 24 Am. & Eng. Enc. (2d Ed.) 501, and cases cited. Trespass or trover may be maintained in such cases, but the authorities quite generally deny the remedy by replevin. Buck v. Colbath, 7 Minn. 238 (310), 82 Am. Dec. 91; Id., 3 Wall. 334, 18 L. Ed. 257. Of this rule of law plaintiff does not complain. He concedes the rule,

but insists that defendant Fischbein has waived the right to invoke it. This contention is founded upon the alleged failure of defendant Fischbein seasonably to interpose the objection in the court below.

There can be no doubt that a federal officer having property in his possession under process from the court he represents may submit a controversy respecting the rightfulness of his custody to a state court for adjudication; and where he appears in that court in response to its process, and voluntarily litigates the merits of the controversy, he waives the right ever thereafter to call in question the jurisdiction of the state tribunal. Scott v. Kelly, 22 Wall. 57, 22 L. Ed. 729; Winchester v. Heiskell, 119 U. S. 450, 7 Sup. Ct. 281, 30 L. Ed. 462. But it is clear that there was no waiver in this case.

The action was brought against Fischbein as an individual, and not in his official capacity as receiver. He set up in defense that he had been duly commissioned by the federal court in bankruptcy proceedings as receiver of the property and estate of the furniture company, and claimed to hold the lumber in question as the property of that company. These allegations were denied by plaintiff's reply, and the issue involving the jurisdiction of the court was squarely presented. At the trial defendant offered no evidence to sustain his asserted right to the possession of the lumber on the merits of the case, but contented himself with developing during the presentation of plaintiff's evidence the fact that he was receiver, and held and claimed to hold the property as such, and at the conclusion of plaintiff's case moved for a dismissal of the action. The motion was granted by the trial court, upon the ground, as we understand the record, that as it appeared that the property was in the custody of the federal court the action could not be maintained. Defendant thus took advantage of the first opportunity to present the question for the consideration of the court, and the grounds upon which to predicate a waiver are absent. Had the action been brought against defendant in his official capacity as receiver, a different case would be presented. He then would perhaps have been required to interpose his objection to the jurisdiction before proceeding to trial. But he was not so proceeded against, and the facts showing lack of jurisdiction were properly presented by his answer. These facts constituted a complete defense to the action. Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390.

This disposes of the case; but, in view of some suggestions in the brief of counsel for plaintiff, we take occasion to say that, the action having been dismissed by the trial court for want of jurisdiction, the judgment will not constitute a bar to proceedings in the federal court to obtain possession of the property. We dispose of the case solely upon the ground that replevin cannot be maintained in the state court.

Order affirmed.