## THEODORE M. COREY v. C. E. PAINE AND OTHERS. FEDERAL SURETY COMPANY, APPELLANT.[1]

April 9, 1926.

No. 25,103.

**Surety's motion for dismissal denied.**

In an action on an official bond, the surety answered to the merits and as a special defense alleged that leave to sue on the bond had not been obtained as required by G. S. 1923, § 9699. At the close of plaintiff's case, the surety moved for a dismissal, it having been made to appear that leave to sue had not been obtained. Plaintiff thereupon requested the court to grant leave nunc pro tunc. The request was not granted, but the motion to dismiss was denied and the case disposed of on the merits. *Held*:

**Plea in abatement not waived by answering to the merits.**

(1) That in view of G. S. 1923, § 9255, permitting a defendant to plead all the defenses he may have, the common law rule that a plea in abatement is waived by answering to the merits does not obtain in this state.

**Failure to obtain leave to sue on official bond.**

(2) That, in proceeding to decide the case on the merits without entering an order granting leave to sue as of the date of the commencement of the action, none of the surety's substantial rights were

[1]Reported in 208 N. W. 526.

prejudiced, and there was no error in the denial of its motion for a new trial based solely on the failure to obtain leave to sue on the bond before the action was commenced.

Appeal and Error, 4 C. J. p. 1176 n. 56.
Bonds, 9 C. J. p. 98 n. 64 New.
New Trial, 29 Cyc. p. 778 n. 37.
Pleading, 31 Cyc. p. 127 n. 53; p. 150 n. 30; p. 185 n. 9; p. 186 n. 22.

Action in the district court for Washington county against the principals and surety on an official bond. The case was tried before Searles, J., who ordered judgment in favor of plaintiff. Defendant surety company appealed from an order Stolberg, J., denying its motion for a new trial. Affirmed.

*Ware & Melrin,* for appellant.
*Harry A. Hageman,* for respondent.

LEES, C.

Paine & Gjellefald entered into a contract with Washington county for the construction of a judicial drainage ditch. They gave the usual public contractor's bond, with the Federal Surety Company as surety thereon. They failed to pay claims for labor and materials furnished by plaintiff, and by two other persons who assigned their claims to him, and he brought this action against them and their surety. The trial court made findings in plaintiff's favor and the Surety Company appeals from an order denying its motion for a new trial.

The surety answered to the merits and, as a special defense, alleged that plaintiff had not obtained leave of court to sue on the bond. This was denied in the reply, but it was conceded at the trial that leave to sue had not been obtained. The surety moved for a dismissal on that ground, and the question presented by this appeal is whether the court erred in denying the motion.

Citing G. S. 1923, § 6690, Rosman v. Bankers Surety Co. 126 Minn. 435, 148 N. W. 454, and Wold v. Bankers Surety Co. 133 Minn. 90, 157 N. W. 998, appellant characterizes the principals in the bond as public officials, and the bond as an official bond upon

which suit could not be brought by anyone, except the state or county, without leave of court obtained in the manner prescribed by G. S. 1923, § 9699. Respondent has not questioned the soundness of either proposition, but argues that appellant waived the point or, if not, that the trial court in effect granted respondent's motion made in the course of the trial for a nunc pro tunc order granting him leave to sue on the bond.

It was not necessary to allege in the complaint that leave to sue had been obtained. A compliance with § 9699 was no part of the several causes of action upon which suit was brought, but merely a condition precedent to the exercise of the right to enforce the liability of the surety. Litchfield v. McDonald, 35 Minn. 167, 28 N. W. 191; Abramovitz v. National Council of K. & L. of S. 134 Minn. 302, 159 N. W. 624.

The trial court thought that in effect appellant had interposed a plea in abatement and answered to the merits, and the case was tried on that theory.

At common law a defendant who answered to the merits waived a plea in abatement. Even under the code system of pleading, there has been some uncertainty as to the rule. Thus in Gerrish & Brewster v. Pratt & Bunker, 6 Minn. 14 (53), Flandrau, J. said, in a concurring opinion, that a plea in abatement is waived by pleading to the merits; and in Fitterling v. Welch, 76 Minn. 441, 79 N. W. 500, the court said that matters in abatement can only be taken advantage of by demurrer or answer, and that they are waived by answering to the merits.

The code permits a defendant to plead all the defenses he may have, and in view of G. S. 1923, § 9255, it would seem that the common law rule has become obsolete, and the cases cited in Dun. Dig. § 7579, sustain this view. See Page v. Mitchell, 37 Minn. 368, 34 N. W. 896; Somers v. Dawson, 86 Minn. 42, 90 N. W. 119; Druhe Hardwood Lbr. Co. v. Fischbein, 101 Minn. 81, 111 N. W. 950, 11 Ann. Cas. 300.

There is no inconsistency in pleading in abatement and pleading to the merits at the same time, although orderly practice may call

for the disposition of a plea in abatement before there is a trial on the merits, for it is essentially a dilatory plea (Porter v. Fletcher, 25 Minn. 493), which should be presented and disposed of at the first opportunity, and by proceeding to trial on the merits without calling the court's attention to the plea it may be that it is waived. See Druhe Hardwood Lbr. Co. v. Fischbein, supra.

So far as the printed record shows, appellant offered no evidence, stood only on its special defense, and brought it to the attention of the court promptly enough, hence we think its motion to dismiss properly raised the point upon which it relies for a reversal.

The learned trial judge was of the opinion that appellant had waived its special defense by its conduct, and particularly by entering into a stipulation with respondent, a portion of which reads as follows:

"Upon the trial of this case the facts shall be determined as though the plaintiff had at all times been the actual owner of all the claims embraced in the present complaint now on file herein, and that the assignments alleged by him in such complaint are valid and enforceable for all purposes of this case."

Whether this amounted to a waiver is a question upon which we express no opinion because there is another reason for sustaining the court's denial of the motion for a new trial.

In the course of the trial respondent presented to the court a copy of the bond, an affidavit and his verified complaint, and asked for an order granting him leave to sue on the bond as of the date when the action was commenced. Appellant objected because the request came too late and because of want of proper notice. Respondent stated that he would voluntarily dismiss his action if his request was not granted, and the court said:

"For the present I will deny the motion. The motion depends upon whether or not that bond is an official bond. My present impression is that it is not an official bond. * * * I wouldn't favorably entertain a motion or any action that would prevent the plaintiff from going to judgment for or against his claim. * * * I may decide to make that order nunc pro tunc."

At a later stage of the trial and after all the evidence was in, the motion for a dismissal was renewed, and the court expressed this opinion:

"If that matter had been presented at the outset, before we had proceeded as far as we did proceed at the first day of the trial I would, of course, have been compelled to grant the motion or make an order nunc pro tunc. Now, I think that the Federal Company by dillydallying along allowing other parties to incur expenses and getting their witnesses here * * * has waived that plea of abatement."

Under § 9699 an applicant for leave to sue on an official bond must show a delinquency which if established would entitle him to recover. Such a delinquency was established at the trial, so there could be no question about respondent's right to sue, except for the fact that his application came after instead of before the commencement of the action.

Apparently the application may be made ex parte, for § 9699 makes no provision for notice to the principal or surety, and we think the objection of want of notice was not well taken.

Did the application come too late? We see no reason to doubt the power of the court to grant it by the entry of an order nunc pro tunc. If respondent's request for such an order had been granted, appellant could not say that any of its substantial rights had been invaded. It is apparent from what the trial judge said that he would have made the order had he thought it necessary to enable respondent to obtain a decision on the merits, but it was his opinion that appellant had waived the right to insist on the point.

The sum and substance of appellant's complaint is that respondent failed to obtain a nonjurisdictional preliminary order, which would certainly have been granted had it been applied for before the action was commenced and which respondent asked the court to enter nunc pro tunc as soon as appellant moved for a dismissal for the failure to obtain it.

G. S. 1923, § 9285, provides "that in every stage of an action the court shall disregard all errors or defects in the pleadings and

proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

The statute is applicable here. If we were to send the case back for retrial, it would be the duty of the court below to make the order for which respondent applied, if the application were renewed. To deny it would be an abuse of discretion. If there was any error in proceeding with the trial without entering the order, it was purely technical and did not affect appellant's substantial rights, and we do not reverse for harmless error.

Order affirmed.