MINNEAPOLIS STREET RAILWAY COMPANY v. HEBER R. HARE AND OTHERS.[1]

October 8, 1926.

No. 25,209.

**Verduct sustained.**
1. The evidence sustains the verdict.

**No suppression of legitimate evidence.**
2. There was no misconduct of the attorney of the prevailing party in the nature of suppression of legitimate evidence, nor in the ruling of the court forbidding appellant's attorney from commenting on the nonproduction of documents in the possession of respondent, which its witness during the course of the trial had been subpoenaed to produce, such documents not being evidence which respondent could use to prove any issue in the case.

[1] Reported in 210 N. W. 161.

**Under general denial in answer defendant cannot object that leave of court to sue was not obtained.**

3. That no leave of court to sue on an official bond has been obtained, cannot be raised where the answer consists only of a general denial.

Acknowledgments, 1 C. J. p. 902 n. 90; p. 904 n. 14.
Bonds, 9 C. J. p. 115 n. 4 New.
Evidence, 22 C. J. p. 114 n. 81.
Trial, 38 Cyc. p. 1491 n. 36.

Action in the district court for Hennepin county to recover damages against a notary and his surety. The case was tried before Leary, J., and a jury which returned a verdict in favor of plaintiff. Defendant Crawhall appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

R. C. Rosenquest, for appellant.

R. T. Boardman and J. F. Dulebohn, for respondent.

HOLT, J.

Appeal from an order denying appellant's motion for judgment non obstante or a new trial.

The action was to recover damages against a notary and his surety, the appellant, resulting from the forged signatures to releases of two claims in which suits had been brought against respondent, the notary being the attorney for the claimants. The notary virtually admitted the forgery, and the falsity of the certificate of acknowledgment. The real contention on this appeal is that respondent did not rely upon the acknowledgment in accepting the releases and paying out the money lost. The agent who acted for respondent in the transactions testified time and again that the money was paid over in reliance upon the genuineness of the signatures upon the releases as executed and acknowledged but, because on cross-examination he was led to admit that he would accept releases without their being acknowledged, it is claimed that the verdict is not sustained. Whether in accepting the releases here involved he in fact relied upon the official act of the notary,

in whole or in part, in parting with the money, was clearly, as we read the record, a jury question. The verdict in respondent's favor is amply sustained upon that issue.

The witness referred to, in the course of his examination, stated that when settlements of claims against respondent in the hands of attorneys were made it was the custom to require releases from the claimants acknowledged before a notary. Appellant sought to impeach this testimony and served a subpoena duces tecum during the trial requiring the witness to produce in court all the releases, some 3,000 a year according to the witness. It developed that on the advice of respondent's counsel no effort was made to comply with the subpoena. No application was made to the court to compel compliance, and of course there was no evidence how these releases in other claims were executed except as stated by this one witness. But when appellant's attorney in his argument to the jury attempted to comment upon the nonproduction of the documents and their contents unfavorably to respondent, the court sustained objection thereto. Upon this phase of the trial misconduct of counsel and error of the trial court are assigned. There was no suppression of evidence upon which counsel could comment. Releases in other cases could not be adduced by respondent in support of any issue involved, hence their nonproduction could furnish no basis for swaying the jury. If appellant required any document, in the possession of respondent, for impeachment of its witness, there was a way to compel the production thereof. It was not pursued to a conclusion. Moreover, respondent's attorney, in the trial, offered to produce any release which appellant might sufficiently describe so that it might be found; appellant did not do so, although he had personally settled claims and furnished respondent with releases. There was no misconduct of prevailing counsel and no error in the ruling.

The answer was a general denial only, therefore no objection could be raised on the ground that there had been no leave obtained from a court to sue on the bond. Corey v. Paine, 167 Minn. 32, 208 N. W. 526.

The order is affirmed.