AMHERST H. WILDER *vs.* A. M. PEABODY, Assignee.

July 21, 1887.

Insolvency—Claims—Rent under Lease.—Rent accruing under a lease after the date of an assignment by the lessee for the benefit of creditors, under the insolvent law, (Laws 1881, *c.* 148,) is not provable as a debt or claim against his estate.

The firm of Bristol & McArthur made an assignment for the benefit of creditors, under the provisions of Laws 1881, *c.* 148, to A. M. Peabody. At the time of the assignment, on August 28, 1885, the insolvents were occupying premises under a lease which by its terms would not terminate till 1890. The lessor, Amherst H. Wilder, filed with the assignee a claim against the insolvents for the rent to accrue under the lease for the full term, amounting to over $15,000. This claim being disallowed by the assignee, an appeal was taken to the district court for Ramsey county, where the matter was tried, without a jury, before *Brill, J.*, who disallowed the claim, excepting as to rent up to August 28, 1885, and also for such time as the premises were

occupied by the assignee. Claimant appeals from an order refusing a new trial.

*Harvey Officer,* for appellant.

*Stanford Newel, C. E. & A. G. Otis* and *John W. White,* for respondent.

MITCHELL, J.[1] The question raised by this appeal is whether rent accruing under a lease after the date of an assignment by the lessee for the benefit of creditors, under the insolvent law, (Laws 1881, *c.* 148,) is provable as a debt or claim against his estate. We are clearly of the opinion that it is not. The assignment is for the benefit of creditors having existing debts against the assignor at the time of the assignment. But rent does not accrue to the lessor as a debt or claim, unless payable in advance, until the lessee has enjoyed the use of the premises. It may never become due, for the lessee may be evicted, or the premises become untenable. It is neither *debitum* nor *solvendum.* It is not an existing demand, the cause of action on which depends on a contingency, but the very existence of the demand depends on a contingency. It is wholly uncertain whether the lease will ever give rise to an actual debt or liability. There is no provision in the statute for proving or allowing any such mere contingency as a claim against the estate of an insolvent. See *Bordman* v. *Osborn,* 23 Pick. 295; *Deane* v. *Caldwell,* 127 Mass. 242; *Riggin* v. *Magwire,* 15 Wall. 549; *Ex parte Houghton,* 1 Lowell, 554; *In re Commercial Bulletin Co.,* 2 Woods, 220; *English* v. *Key,* 39 Ala. 113.

Order affirmed.

[1] Berry J., because of illness, took no part in this case.