MARY A. FOREPAUGH *vs.* WILLIAM P. WESTFALL.

Submitted on briefs April 4, 1894.  Affirmed April 20, 1894.

No. 8676.

**Assignee of an insolvent.  His liability for rent.**
> *Held* an assignee for the benefit of creditors does not accept a leasehold interest, and the burdens thereof, by merely accepting the trust.

**Extent of his liability for rent.**
> *Held* that, if such an assignee does accept the lease, he is liable for the rent, while he holds such leasehold interest.

**Acts not amounting to an election to take the lease.**

But *held*, that such an assignee under our insolvency law, being an officer of the court, may go upon the leased premises and there perform·his trust by selling the assigned goods, or even continuing the business a short time under the direction of the court, without thereby electing to take the lease, especially if no step is taken by the landlord or assignor to compel him to elect.

**Occupancy for a month not an election to take.**

Under the circumstances of this case, it is *held*, that he might so perform his trust on the leased premises for one month without thereby incurring the liability of taking the lease.

Appeal by plaintiff, Mary A. Forepaugh, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered December 2, 1893.

On June 12, 1891, Joseph L. Forepaugh leased to the Seven Corners Bank, rooms on the corner of West Seventh and Eagle Streets in St. Paul for three years from and after September 1, 1891, to be occupied by it for its banking house. The bank agreed to pay him $80 rent each month in advance during the term. The bank entered and paid the rent to August 1, 1893. Joseph L. Forepaugh died testate July 8, 1892. His will was admitted to probate. The plaintiff was sole devisee and legatee. A final decree of distribution was made March 29, 1893, assigning all his property to the plaintiff. On August 1, 1893, the bank being insolvent made an assignment under Laws 1881, ch. 148, as amended by Laws 1893, ch. 30, of all its property to the defendant, William P. Westfall, in trust for its creditors. He accepted the trust and occupied the demised premises in executing it during the month of August, 1893, and paid plaintiff the rent for that month. On the last day of that month he abandoned the premises and refused to pay rent thereafter although he had in his hands ample assets of the insolvent. Plaintiff brought this action to recover $80 rent for September, 1893, and in her complaint stated these facts. The answer restated the facts in substance and denied defendant's liability. The cause came to trial October 16, 1893, when defendant objected to the introduction of any evidence and moved for judgment on the ground that the complaint did not state facts constituting a cause of action. The court granted the motion. Plaintiff excepted. Judgment was entered and she appeals.

*Warren H. Mead,* for appellant.

The assignee had the right to waive the term and avoid liability for the future rent, but by entering into possession of the premises he elected to take the lease and use the premises, and the law then invested him with a privity of estate which made him liable for the rent. The interest of the assignee continues until he sells the lease to another. The assignee still controls this lease. To get rid of that liability when it thus attaches the assignee must get rid of the lease and his interest therein. A subsequent abandonment of the premises still holding his interest in the lease will not remove that liability. There is nothing in our insolvency laws that changes this. *Commonwealth* v. *Franklin Ins. Co.,* 115 Mass. 278; *Hoyt* v. *Stoddard,* 2 Allen, 442.

The case of *Wilder* v. *Peabody,* 37 Minn. 248, has no application to this case. That was a contingent claim which might never ripen and the court held it not provable against the estate. That is not this case, nor does it rest on the same legal principles.

This is an action against Westfall for a charge which he has voluntarily incurred since the assignment to help carry out his trust, the same as a charge for fuel or anything else required. It is not an existing claim against the bank sought to be proved against the estate under the insolvency laws, but a disbursement of the assignee, hence his personal liability. *Dorrance* v. *Jones,* 27 Ala. 630; *Bourdillon* v. *Dalton,* 1 Esp. 233; *Copeland* v. *Stephens,* 1 B. & A. 593; *Welch* v. *Meyers,* 4 Camp. N. P. 368; *Clark* v. *Hume,* Ryan & Moody, N. P. 207; *Hanson* v. *Stephenson,* 1 B. & A. 303; *Thomas* v. *Pemberton,* 7 Taunt. 206.

*C. D. & Thos. D. O'Brien,* for respondent.

The entire question was presented and determined in the case of *Wilder* v. *Peabody,* 37 Minn. 248.

CANTY, J. The complaint in this action alleges that the plaintiff's tenant, carrying on a banking business on the leased premises, made an assignment to defendant for the equal benefit of all its creditors under the laws of this state. That defendant took possession of the premises, and "continued the business thereon for the purpose

of carrying out the trust imposed upon him as such assignee" for one month, paid the rent to plaintiff for that month, and then abandoned the premises, there being then more than nine months of the term of the lease still unexpired. The action is brought to recover the rent of the next month. The answer is simply a restatement of the same facts. The court below ordered judgment for defendant on the pleadings, and, from the judgment entered thereon, plaintiff appeals. In support of the judgment, defendant relies on the case of *Wilder* v. *Peabody*, 37 Minn. 248, (33 N. W. 852,) but we do not think the question here presented was in that case. That was simply an attempt to prove, as a claim against the insolvent estate, the installments of rent neither earned, due, nor payable under an unexpired lease. It was held that such rent was not an absolute debt against the insolvent, due 'in the future, but a mere contingent claim which might never become absolute, as the lease might be forfeited, surrendered, or otherwise terminated before the rent came due.

It is a well-established principle that an assignee for the benefit of creditors does not accept a leasehold interest by merely accepting the trust, and it is his duty to refuse to accept it, if it is of no benefit to the creditors; but, if he does accept it, he is liable personally for the rent while he holds the lease, the same as any other assignee holding a leasehold interest. If he refuses to accept such leasehold interest, the lease is not thereby surrenderd to the landlord, but remains in the assignor.

It has long been a mooted question what acts on the part of the assignee amount to an election to take the lease. Such English cases as *Hanson* v. *Stevenson*, 1 Barn. & A. 303, and *Welch* v. *Myers*, 4 Camp. 348, hold that an assignee in bankruptcy may enter and remove the bankrupt's goods without thereby accepting the lease, but that if he continues the bankrupt's business, or sells the goods on the premises, it amounts to an acceptance of the lease. However, this was under a bankrupt law which provided that the bankrupt was not liable on the covenants in the lease after the assignee had accepted it. See *Copeland* v. *Stephens*, 1 Barn. & A. 593. Under such a provision, it might well be held that it was the duty of the assignee not to embarrass the landlord by his acts, but to act promptly in electing to accept or reject the lease, and that his acts would be construed most strongly against him. However, there are

·other English cases which do not apply this strict rule. See *Wheeler* v. *Bramah*, 3 Camp. 340. There are several American decisions which follow the strict English rule, but most of them are in cases of common-law assignments.

Under an insolvency law such as ours, the assignee is an officer of the court; his powers and duties are defined by law, and not by the deed of assignment; he is more immediately under the control and protection of the court than the assignee of an assignment *in pais* or a common-law assignment, whose acts of use and occupation of the leased premises might be regarded more as the acts of a private party, and be construed more strongly against him. ·There are several American decisions which hold that such an assignee, an officer of the court, is analogous to an executor or administrator (*Journeay* v. *Brackley*, 1 Hilt. 454; *Jermain* v. *Pattison*, 46 Barb. 9), and that in such a case, if the value of the land is less than the rent, and there is a deficiency of assets, the landlord can recover of the trustee only the profits which he received from the premises (3 Williams, Ex'rs, 1756–1759).

It is well settled that, in any case, the assignee of a lease may ·relieve himself from continuing to incur liability under it by assigning it, even to a beggar; so that the landlord has no vested right in a continuance of the assignee's liability during the life of the lease. But the courts ought not to be too ready so to construe the liabilities of its officers as to compel them to resort to such a subterfuge as this in order to escape such liability.

We are of the opinion that the mere fact that such an assignee goes upon the leased premises, and there performs his trust by selling the assigned goods, or even continuing the business a short time under the direction of the court, will not amount to an election on his part to take the lease, especially if no step is taken by the landlord or assignor to require him to elect; that, in any such case, the assignee may act in a reasonable manner without thereby incurring the liability of taking the lease.

If an executor waives a lease made to his testator, it amounts to ·a sort of a surrender to the landlord, but, if an assignee waives a lease made to the insolvent, it does not; the lease still remains in the insolvent until there is some act of forfeiture, as, for instance, nonpayment of rent. This being so, unless the assignee accepts the

lease there is no privity of estate between him and the landlord, and no action against him will lie, even for use and occupation, when he has thus temporarily used the leased premises in the performance of his trust.

But a court of equity having a fund in court sometimes acts on equitable rules, and recognizes equitable rights which could not otherwise be enforced, and it will recognize and allow such equitable claim for rent during the time the assignee used the premises as a part of the expense of performing the trust. *Journeay* v. *Brackley* and *Jermain* v. *Pattison, supra,* and *White* v. *Thomas,* 75 Mo. 454.

The judgment appealed from should be affirmed. So ordered.

BUCK, J., absent, took no part.

(Opinion published 58 N. W. 689.)

