B. F. NELSON, Receiver, v. ROBERT C. KALKHOFF and Another.[1]

February 15, 1895.

No. 9078.

**Landlord and Tenant—Election by Receiver.**

*Held,* that an assignee or receiver has a reasonable time in which to elect whether he will accept or reject a lease, wherein the party whose estate he represents is lessee, and, during such reasonable time, he may enter upon and occupy the demised premises for the purpose of selling, under the direction of the court, personal property thereon belonging to the trust estate, without thereby accepting the lease for such estate. Forepaugh v. Westfall, 57 Minn. 121, 58 N. W. 689, followed.

**Same—Rental for Occupation by Receiver.**

*Held,* that in such case, in the absence of any agreement between the parties, the entry into and possession of the premises by the assignee or receiver is under the lease, and the lessor is equitably entitled to be paid for the use of the premises out of the trust estate, during the time they are so occupied, rent at the rate reserved in the lease, although the reasonable value of such use may be greater or less than the stipulated rent.

From an order of the district court for Hennepin county, Russell, J., directing the receiver of James H. Bishop & Company to pay defendants as rent the sum of $1,200, defendants appealed. Modified.

*J. B. Atwater,* for appellants.

*Penney, Welch & Hayne,* for respondent.

[1] Reported in 62 N. W. 335.

STAKT, C. J.	The facts in this case, down to the time the receiver of James H. Bishop & Company was appointed, we stated in the case of Kalkhoff v. Nelson, supra, p. 284, 62 N. W. 332.	The respondent, as such receiver, under the order of the court appointing him, entered into the demised premises, for the purpose of selling the stock of merchandise in the building thereon, on February 7, 1894, and continued in possession thereof for such purpose until June 5, 1894, when he vacated them, and refused to accept the lease. He took such possession without any agreement or consent of the appellants, except as contained in the lease.	About March 1 he notified them that he would not recognize the lease, as the rent reserved was greater than the reasonable value of the use of the premises, but offered to pay a reasonable rent as long as he occupied the premises, and no more.	The appellants answered that they could not accept his view of the situation; that his occupation of the premises was under the terms of the lease; and that he was liable for rent as therein specified.	No further attempt was made by either party to make any agreement touching the receiver's occupancy of the premises, and after he vacated them the appellants petitioned the court for an order requiring the receiver to pay out of the trust funds in his hands the rent for the premises at the rate of $500 per month, as required by the terms of the lease.	Upon the hearing of the petition it was admitted that the reasonable value of the use of the premises during the time they were occupied by the receiver was $300 per month.	The court made its order directing the receiver to pay the appellants for such use of the premises at the rate of $300 per month, in all the sum of $1,200, from which order they appealed to this court.

Are the appellants equitably entitled to be paid rent as reserved in the lease for the time the premises were in the possession of the receiver?	This is the only question in the case, and we answer it in the affirmative.	An assignee or receiver does not accept the benefits and burdens of a lease for the unexpired term thereof, wherein the assignor or party whose estate he represents is lessee, by entering upon and occupying the demised premises for a reasonable time only to enable him to sell, under the direction of the court, the personal property thereon belonging to the trust estate. He has a reasonable time in which to make his election whether he

will accept or reject the lease for the unexpired term, and during such reasonable time he may occupy and use the premises under the lease for the purposes of the trust estate. Forepaugh v. Westfall, 57 Minn. 121, 58 N. W. 689. When the receiver took possession of the demised premises in this case, it was under the lease, otherwise he was a trespasser; for the court had no power by its receiver to take possession of the property of a third party without his consent, and then make its own terms as to the compensation to be paid for the use thereof. The receiver having taken possession and occupied the premises by virtue of the lease, the appellants are equitably entitled to rent at the stipulated rate, unless some new arrangement as to the amount to be paid for the use of the premises was entered into between the parties. There was no such agreement in this case, but, on the contrary, the appellants refused to accede to the receiver's proposition to pay a reasonable rent. The duty of the receiver, failing to secure more favorable terms than those in the lease, was either to surrender the premises at once, or retain them at the stipulated rent, if he deemed it for the interest of the trust estate so to do. It is true that the appellants' petition is addressed to the equitable side of the court, but equity must regard the contract rights of the appellants, and it would clearly be inequitable for the receiver to take possession of the premises by virtue of the lease, enjoy its benefits, then repudiate its burdens, and ask the court to make a new contract for the parties, which the appellants refused to make. Suppose that, instead of depreciating, the rental value of the premises, during the time the receiver occupied them, was $700 per month, and the appellants had insisted on being paid at this rate as a matter of equity, would it not have been the manifest duty of the court to have limited the amount to be paid to the rent reserved? We are unable to see in either case any equity in a departure from the terms of the lease. If the receiver was of the opinion that the stipulated rent was greater than the advantages the estate would receive from his occupancy of the premises, he ought not to have retained possession of them after the appellants refused to make any agreement with him as to the rent, and notified him that they should insist on the rent specified in the lease. He was at liberty to vacate the premises at any time, but the appellants could not dispossess him, for he had a

reasonable time in which to elect whether he would accept the lease for the trust estate or reject it. It is clear that the appellants are equitably entitled to be paid the sum of $2,000, without interest, out of the trust estate, for the use of the demised premises during the four months they were occupied by the receiver.

Order appealed from must be modified, and the appellants allowed the sum of $2,000 as rent for the premises during the actual time they were occupied by the receiver. Cause remanded, with directions to the court below to so modify its order.