ANOKA LUMBER COMPANY and Another v. FIDELITY & CASUALTY
COMPANY OF NEW YORK.[1]

December 23, 1895.

Nos. 9357–9358—(47–48).

### Employers' Liability Insurance—Notice of Injury.

The Fidelity & Casualty Company of New York issued an employers' liability policy to the Anoka Lumber Company, containing this clause: "The assured, upon the occurrence of an accident and upon notice of any claim on account of an accident, shall give immediate notice in writing of such accident or claim, with the fullest information available, to the company, at its office in New York City, or to the agent, if any, who shall have countersigned this policy." *Held*, that the assured need not give such notice until an accident has happened and a notice of a claim is made on account thereof.

### Same—Construction of Policy.

The above-described policy also contained several provisions relating to its liability, among others: (1) That it insured against all liability on account of fatal or nonfatal injuries suffered by an employé; (2) that the company, at its own expense, would take upon itself the settlement of any loss and the control of any legal proceedings taken against the assured to enforce a claim for injuries to the assured employés; (3) that the assured should not settle with the injured employé without the consent of the insurance company; (4) that no action should lie against the insurance company after the period in which an action might be brought by the employé against the employer, unless at such period there was a suit pending for such purpose, in which case an action might be brought, in respect to the claim involved in such suit, against the company by the assured, within 30 days after judgment is rendered in such suit, and not later. *Held*, that this policy, by the terms of the instrument itself, was not merely one of indemnity against any act of the employé, but that, in case of an accident to him whereby he had a cause of action against the assured, the company would assume and pay the liability. *Held*, also, that an employé, having, while so employed, sustained an injury whereby he recovered a judgment therefor against the assured employer for the sum of $2,285.02, the insurance company was liable therefor upon an action against it, without the employer having first paid the judgment.

### Same—Insolvency of Employer—Garnishment of Insurer by Employé.

An employé was personally injured while his employer held an employers' liability policy, and, before the employé commenced an action against the em-

[1] Reported in 65 N. W. 353.

ployer to recover damages for such personal injuries, the employer made an assignment under the insolvency law. Laws 1881, c. 148. Judgment was afterwards rendered in such action in favor of the employé against the employer for such personal injury; and, in an action upon the judgment by the assured employer against the insurance company, the employé garnished the latter company, and then intervened in the suit. *Held*, that the claim of the assured against the insurance company did not pass to the assignee by the assignment, and that the intervener is entitled to maintain his garnishee proceedings in the action to recover the amount of his judgment.

Appeals by plaintiff Albert C. Cobb, assignee, and by defendant from an order of the district court for Hennepin county, Russell, J., denying their respective motions for a new trial. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for defendant appellant.

The contract is one of indemnity only and there can be no recovery because the judgment has not been paid by the assured. The essence of a policy of insurance is the agreement to indemnify. 1 May, Ins. §§ 1, 2; Castellain v. Preston, L. R. 11 Q. B. D. 380. Where a contract is one of indemnity, there can be no compensation except for actual loss, and whether the contract is one of indemnity against liability, or indemnity against damage on account of liability, makes no difference in the rule that damage must be shown before recovery under the contract is possible. Weller v. Eames, 15 Minn. 376 (461); Howe v. Freidheim, 27 Minn. 294, 7 N. W. 143; Houston v. Nord, 39 Minn. 490, 40 N. W. 568; Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; Bausman v. Credit Guarantee Co., 47 Minn. 377, 50 N. W. 496; American B. & L. Assn. v. Wallen, 52 Minn. 23, 53 N. W. 867; American B. & L. Assn. v. Stoneman, 53 Minn. 212, 54 N. W. 1115; Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764; Mechanics' Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054.

*J. O. P. Wheelwright,* for Albert C. Cobb, plaintiff appellant.

Any doubt as to the meaning of the policy must be solved in favor of the assured. Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 85; Symonds v. Northwestern M. L. Ins. Co., 23 Minn. 491; Bishop, Cont. § 418. The policy is not an indemnity contract. See 2 Sedg. Dam., §§ 788, 789, 795. The confusion arises from the want of a

clear discrimination between mere contracts of indemnity and contracts for the performance of some act in which the plaintiff has an interest from which indemnity, either expressly or by implication, is to result. Lathrop v. Atwood, 21 Conn. 117; Stout v. Folger, 34 Iowa, 71; Dorsey v. Dashiell, 1 Md. 198; Farnsworth v. Boardman, 131 Mass. 115; Merriam v. Pine City Lumber Co., 23 Minn. 314; Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439; National Bank v. Bigler, 83 N. Y. 51; Mills v. Dow, 133 U. S. 423, 10 Sup. Ct. 413; Locke v. Homer, 131 Mass. 93. See Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795. When the deed of assignment was made, the rights of the lumber company under defendant's policy and the liability of defendant thereunder had become fixed. The rights of the insured and the liability of the company are fixed at the time of the loss. Imperial F. Ins. Co. v. Murray, 73 Pa. St. 13. The right of the lumber company to recover in this action against defendant passed by the deed of assignment to this appellant. See Schlieman v. Bowlin, 36 Minn. 198, 30 N. W. 879; In re Denny, 2 Hill, 220; Cole v. Aune, 40 Minn. 80, 41 N. W. 934; Daniels v. Palmer, 41 Minn. 116, 42 N. W. 855; Fletcher v. Piatt, 7 Blackf. 522; Knevals v. Blauvelt, 82 Me. 458, 19 Atl. 818; Sepp v. McCann, 47 Minn. 364, 50 N. W. 246; Bates v. Richards Lumber Co., 56 Minn. 14, 57 N. W. 218. The assignment of a right to insurance money under a policy before a loss has happened is valid. Bibend v. Liverpool & L. F. & L. Insurance Co., 30 Cal. 79; Bergson v. Builders' Ins. Co., 38 Cal. 541. Defendant's policy was not made for the benefit of Nelson. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604. Nelson was a creditor within the purview of the insolvent law of 1881, when the assignment was made. Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632; Atwater v. Manchester Sav. Bank, 45 Minn. 341, 48 N. W. 187; New Jersey Ins. Co. v. Meeker, 37 N. J. Law, 282; New Haven S. S. Mill Co. v. Fowler, 28 Conn. 103; Stanley v. Ogden, 2 Root, 259; In re Minnehaha D. P. Assn., 53 Minn. 423, 55 N. W. 598.

*A. Ueland*, for intervenor respondent.

In determining whether a cause of action has or has not accrued on contracts of this kind, the question is always: Is the contract broken? If the agreement is to pay damages, there must be dam-

ages. A liability to pay, such as a judgment, is not sufficient. But if the contract is to prevent, or protect against, any other particular event, when that event takes place, the contract is broken and an action will lie. Chace v. Hinman, 8 Wend. 452; In re Negus, 7 Wend. 499; Webb v. Pond, 19 Wend. 423; Martin v. Bolenbaugh, 42 Ohio St. 508; Kirksey v. Friend, 48 Ala. 276; Jones v. Childs, 8 Nev. 121. An insurance policy is a personal contract and not assignable, except by consent. Carroll v. Boston M. Ins. Co., 8 Mass. 515. See Rogers v. Spence, 13 M. & W. 571. The assignee has no claim upon the insurance, even though a cause of action did exist when the assignment was made, for the cause of action is not on account of anything that has in any way diminished the insolvent estate. The intervenor has no claim on that estate, as his claim was unliquidated at the time of the assignment, and as he was not then a "creditor" within the meaning of the insolvency law or the deed of assignment. Burrill, Assmts. § 426 (476); Matter of Adams, 12 Daly, 454; Black v. McClelland, 12 Nat. Bank. Reg. 481, Fed. Cas. No. 1,462; In re Schuchardt, 15 Nat. Bank. Reg. 161, Fed. Cas. No. 12,483; In re Bailey & Pond, 2 Woods, 222, Fed. Cas. No. 729; Dusar v. Murgatroyd, 1 Wash. C. C. 13, Fed. Cas. No. 4,199; Wilder v. Peabody, 37 Minn. 248, 33 N. W. 852; In re Shotwell, 49 Minn. 170, 51 N. W. 909, and 52 N. W. 1078.

BUCK, J. This action is brought under an employers' liability policy, issued by the Fidelity & Casualty Company of New York to the Anoka Lumber Company, insuring the company for twelve months against liability for damages, up to stated limits, on account of fatal or nonfatal injuries suffered by an employé or employés of the assured while engaged in the occupations and at the places specified.

On May 25, 1893, while the policy was in force, one of the insured's employés, Claus E. Nelson, the intervenor, and respondent, was injured. At the time the assured was informed and knew of the accident, but it then gave no notice to the insurance company of its occurrence. On September 13, 1893, Nelson claimed damages of the assured, on account of this accident; and the same day the assured, for the first time, gave notice to the agents of the insurance company that the accident had happened, and that Nelson claimed dam-

ages in consequence of it. Afterwards, on October 3, 1893, the assured made a formal statement of the accident and claim on blanks furnished by the appellant. At the time of receiving said statement, appellant claimed that there had not been a compliance with condition 3 of the policy, and afterwards, when notified by the lumber company that suit had been brought by Nelson, refused to defend the action, or to consider the accident as coming under said policy, on account of material prejudice, and on account of failure to report the accident promptly.

On October 4, 1893, the assured made an assignment, under the insolvency laws of this state, to Albert C. Cobb; and to said Cobb was delivered, with other assets of the lumber company, the policy here in question. In the schedule of assets filed by the lumber company no mention of this policy or reference to it was made. On December 20, 1893, Nelson commenced his action against the lumber company, and on July 5, 1894, he obtained judgment in his suit against it for $2,285. This judgment is wholly unpaid. Upon the entry of this judgment, the present action was brought against this appellant, by said Cobb, as assignee, and the lumber company. Nelson garnished this appellant insurance company, and thereafter intervened in this action. Upon the trial, the court directed a verdict against the defendant for the amount of the judgment obtained by said Nelson, and interest, viz. for $2,330, and also directed the jury to find said sum so found against said defendant to be payable to the intervenor by defendant as garnishee of said lumber company. The Fidelity & Casualty Company, and Albert C. Cobb, as assignee of the lumber company, each prosecutes an appeal.

A provision of the policy, numbered 3, is as follows: "The assured, upon the occurrence of an accident, and upon notice of any claim on account of an accident, shall give immediate notice in writing of such accident or claim, with the fullest information available, to the company, at its office in New York City, or to the agent, if any, who shall have countersigned this policy."

1. The Fidelity Company contends that this provision requires notice to be given whenever any accident occurs, and also that another notice must be given whenever any claim on account of an accident is made. Opposed to this contention, it is asserted that notice is not required by the terms of such provision until there has been both an ac-

cident and a claim by reason thereof. We are of the opinion that the latter construction is the correct one.

Nelson never made any claim against the lumber company for damages prior to September 13, 1893; and, upon such claim being made, the company immediately notified the insurance company of the accident and Nelson's claim. No question is raised as to the sufficiency of the written statement or proof of loss. If the injured party, Nelson, never made any claim against the lumber company on account of his injuries, it would be an idle ceremony for the company to give notice of the accident to the insurance company. It only concerned the company when it was notified by Nelson that he claimed damages against it on account of the injuries he had received. When it learned of the threatened liability, then it notified the responsible party in accordance with the terms of its policy, and that was all the notice required under the provisions of its contract.

We have no doubt as to the correctness of the construction we have placed upon the provision of the policy we have quoted; but, if there were any doubt as to the meaning of the clause, then such doubt must be solved in favor of the insured. Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 85; Symonds v. Northwestern M. L. Ins. Co., 23 Minn. 491. This language used in the insurance policy is that of the company in the instrument which it makes and issues; and, where it expresses itself in terms of its own creation, if it needs any interpretation or construction, it certainly cannot complain if the meaning is resolved against it. The cases are numerous which sustain this position. In the case of Anderson v. Fitzgerald, 4 H. L. Cas. 484, 510, it is said: "A policy ought to be so framed, that he who runs can read. It ought to be framed with such deliberate care, that no form of expression by which, on the one hand, the party assured can be caught, or by which, on the other, the company can be cheated, shall be found upon the face of it."

We are not unmindful of the force of the appellant's contention that it would be of great benefit to have immediate notice of any accident, as well as of any claim, for the purpose of getting at the truth of the alleged accident, of finding witnesses who know the facts, and making preparation for the defense of any anticipated claim for damages. Other reasons might be readily suggested, but the insurance company must abide by its own terms, which it has deliberately ex-

pressed, and by the whole contract of which these terms are a part. Upon the other hand, it may be said that it might frequently be difficult for the employer to give immediate notice. Take, for instance, our lumbermen, where the employés are in the pine woods, a long distance from the employer's place of business or residence, and where it would, perhaps, upon account of deep snows or want of rapid communication in traveling or by telegraph, be an impossibility to know of the accident for a long time, perhaps weeks or months after its occurrence. Under such a condition of things, a policy requiring immediate notice of the accident to the employé to be given to the insurance company by the employer would render the policy entirely useless. We might very well say that the provision under consideration does not need either construction or interpretation, but that the usual and ordinary meaning of it from a grammatical point of view is that which we have indicated and decided.

2. The next question for our consideration is whether the defendant's policy is a contract of indemnity. The defendant claims that it is not liable, because the Nelson judgment has not been paid by the plaintiff. If it be simply a contract of indemnity, then, under the decision of this court in Weller v. Eames, 15 Minn. 376 (461), the payment of the judgment is a condition precedent to the right of the plaintiff's recovery. With the rule laid down in that case we need not interfere in what we say here, because in this case we must look to the various terms and scope of the whole policy, and thus determine the intent and meaning of the parties, as evidenced by such contract of insurance.

A brief abstract of the policy shows: (1) An insurance against all liabilities on account of fatal or nonfatal injuries suffered by an employé. (2) The company may take upon itself the settlement of any loss, and, if any legal proceedings are taken against the assured to enforce a claim for indemnity for injuries, the company shall, at its own cost and expense, have the absolute conduct and control of defending the same throughout in the name and on behalf of the assured, and the assured shall render to the company all possible aid in securing information and evidence in effecting settlements. (3) The assured shall not, except at his own cost, settle any claim or incur any expense without the consent of the company previously given, in writing, except that he may provide such immediate surgical relief as may

be imperative.     (4) No action shall lie against the company after the expiration of the period within which an action for damages on account of the given injuries or death might be brought by such claimant or his representatives against the assured, unless, at the expiration of said period, there is a suit, arising out of such accident, pending against the assured, in which case an action may be brought in respect to the claim involved in such action against the company by the assured within thirty days after judgment is rendered in such suit, and not later.

Thus, we see, from the very terms of the instrument itself, that it is not merely an agreement to indemnify the plaintiff against any act of the employé, but that in case of an accident of such a character as to injure him, whereby a cause of action arises against the assured, the insurer or company will assume the liability.     The company takes upon itself the settlement of loss and the control of all legal proceedings, and the assured is forbidden to settle any claim or incur any expense without its consent in writing.     At the expiration of the time when a suit can be brought by the employé against the employer arising out of such accident, an action may be brought in regard to such claim against the company within thirty days after judgment is rendered in such suit.     If the plaintiff is forbidden to settle a claim for an accident of this kind, we fail to see how it is imperative upon him to pay a judgment rendered against him upon such claim, as a condition precedent to his right of recovery.     The insurance company, by the terms of its own policy, has taken into its own hands the whole machinery for settling such claim, and will not allow the employer to do it.

When the injured employé notified the plaintiff of his claim, it at once notified the insurance company thereof, and also of the commencement of the suit against it by Nelson, the injured employé, and demanded that the defendant defend the same.     It did not do so, and the burden and expense of so doing fell upon the plaintiff. In that action, which went to judgment after trial and a verdict of $2,285.02, it does not appear that there was any fraudulent collusion between the employer and employé.     If the defendant challenges the amount of the verdict as excessive, it can properly be said that its own negligence or obstinacy in not defending may in some measure account for it.     At least, it did not do what it agreed to, and in

this respect it is bound by the judgment so rendered, which is a substantial liability against the plaintiff in favor of Nelson, the employé.

3. We will now consider the question of the claim and rights of the intervenor, Nelson. His claim is hostile to that of the assignee, and the defendant denies any liability to either. When the lumber company made its assignment, no suit had been commenced against it, and judgment was not recovered therein until the ensuing July. Therefore, if the intervenor's rights are superior to those of the assignee, it is because the rights and interest which the lumber company had in the insurance policy did not, under its assignment, pass to the assignee, Albert C. Cobb; and if the intervenor, Nelson, is entitled to the benefits of this insurance policy, it is by virtue of his garnishment, and not by virtue of any privity of contract growing out of the insurance policy so executed between the lumber company and the insurance company.

We are of the opinion that the rights and remedies of the lumber company growing out of the insurance policy did not pass to the assignee by virtue of the assignment. "The assignment is for the benefit of creditors having existing debts against the assignor at the time of the assignment." Wilder v. Peabody, 37 Minn. 248, 33 N. W. 852. This was not an existing debt against the insurance company at the time of the assignment. Nelson's merely making a claim against the lumber company did not create a debt which could properly be said to then exist; and whether the lumber company would ever have a substantial claim against the insurance company depended upon two contingencies, one of which was the recovery of a judgment against it by Nelson for an unliquidated personal injury claim in a suit for damages therefor, and the other that the insurance company had a right, under the contract policy of insurance, which it might exercise, to take upon itself the settlement of any loss; and, if legal proceedings were taken by Nelson against the lumber company to recover damages for injuries, then the insurance company had the right to have the absolute conduct and control of the defense throughout the entire proceedings in the name and on behalf of the lumber company; and it was forbidden to settle any claim or incur any expense without consent of the insurance company. Until the judgment in favor of Nelson against the lumber company was rendered, some nine months after the assignment,

whether it was liable at all, or the amount of the liability of the lumber company in favor of Nelson was entirely unknown; and, if known, the insurance company had the right to assume and settle or pay it, not to the lumber company, but to Nelson, at least up to the time when Nelson commenced his action against the lumber company, on December 20, 1893, more than two months after the date of the assignment. This claim might never have become an existing debt in behalf of the lumber company, and until then it was too indefinite and uncertain to come within the provisions of the insolvency law, empowering an insolvent to make an assignment of all of his unexempt property. It was not entered in the schedule of assigned assets, and for the very good reason that a claim resting upon such contingencies would be of no avail, and only a source of embarrassment in settling the insolvent's estate as provided by law.

We do not hold that certain rights of action may not be assigned, such as those for recovering real or personal property, and for the recovery of damages, where they have been withheld, or the value thereof diminished, where the cause of action existed at the time of the assignment; but we do not think that a claim or cause of action of this kind comes within the letter or spirit of the law. It is therefore held that the Fidelity & Casualty Company of New York is liable, under its policy, for the amount of the judgment recovered by Nelson against the Anoka Lumber Company, viz. $2,-285.02, with lawful interest thereon, and that the same is subject to the garnishment of the intervenor, Claus Edward Nelson.

The order of the trial court denying the coplaintiff's and the defendant's motions for a new trial is affirmed.