ELIAS FITTERLING v. VICTOR J. WELCH.

June 8, 1899.

Nos. 11,672—(144).

**Insolvency—Claim against Assignee—Practice.**

A person having a claim against an assignee of an insolvent estate, incurred by the latter while administering the trust, may present the same, by petition or complaint or motion, to the court in which the insolvency proceedings are pending, for allowance, and for payment by such assignee under the order of the court.

**Same—Decision of Issue of Fact—Res Judicata.**

If presented in either of the foregoing modes, and the claimant's right to payment is determined by the court after a full hearing upon a controverted question of fact, the order disposing of the same being appealable, as was that made in the case at bar, this determination of the litigated point is an adjudication binding upon the parties, and conclusive upon the point passed upon.

**Same—Petition for Payment of Rent by Assignee.**

*Held*, on the facts of this case, that the determination of a petition

made by the plaintiff herein, in the proceedings in insolvency, for an order directing the assignee to pay a stated sum of money as for rent of plaintiff's premises while the assignee was in possession, was an adjudication of the matters in controversy in this action, conclusive upon the point involved, and binding on the parties.

Action in the district court for Hennepin county against defendant as assignee of The Dickinson Company, an insolvent corporation, to recover $445.32 rent for the use by him, as assignee, of premises formerly occupied by the insolvent. The case was tried before Johnson, J., who found in favor of plaintiff in the sum of $366.72; and from an order denying a motion for a new trial, defendant appealed. Reversed.

*Victor J. Welch* and *Frank R. Hubachek,* for appellant.

An order affecting a substantial right, and appealable, made in determining a motion, after a full hearing on a controverted question of fact, and deciding a point litigated, is an adjudication binding on the parties and conclusive on the point passed upon. Truesdale v. Farmers L. & T. Co., 67 Minn. 454; Dwight v. St. John, 25 N. Y. 203; Riggs v. Pursell, 74 N. Y. 370; Spitley v. Frost, 15 Fed. 299; 1 Freeman, Judg. § 325; 2 Black, Judg. § 691. See also Heidel v. Benedict, 61 Minn. 170, on application for rehearing. The method adopted in the former proceeding was a proper method for presenting the claim. Nelson v. Kalkhoff, 60 Minn. 305. The order denying the application was appealable. Nelson v. Kalkhoff, supra. There was a full hearing on the merits. While no findings of fact were made on the original application, on the application for rehearing plaintiff asked the court to make findings of fact. It is not pertinent to discuss the reasons which prompted the court to deny the application.

*B. W. Smith,* for respondent.

The defense here is an affirmative defense based on an estoppel, and the burden was on defendant to establish every fact necessary to constitute a complete bar. Farrell v. City of St. Paul, 62 Minn. 271; Augir v. Ryan, 63 Minn. 373; 1 Van Fleet, Former Adj. § 274. The former proceeding was heard and determined simply on a motion, or what was analogous to a motion in an ordinary civil action.

Truesdale v. Farmers L. & T. Co., 67 Minn. 454. The issues here involved were not litigated on that motion, or if they were in controversy, the fact does not prevent them from again being drawn in question in this action. Heidel v. Benedict, 61 Minn. 170. To make good this defense, defendant must have shown that the former proceeding was an action, or in substance and effect an action, identical in all essentials with the present action, and that the order was in substance and effect a judgment; or that all the facts and issues involved in this action were actually controverted, litigated, and determined in the former proceeding after full hearing. West v. Hennessey, 58 Minn. 133; Augir v. Ryan, supra. If the record is uncertain as to the determination of any fact or issue, all are open to a new contention. Russell v. Place, 94 U. S. 606; Augir v. Ryan, supra; Irish Am. Bank v. Ludlum, 56 Minn. 317. A motion like that in the former proceeding is in the nature of an execution against an officer of the court, against whom a formal execution cannot be issued. Irwin v. McKechnie, 58 Minn. 145. Such an order is administrative and discretionary, not final, does not affect a substantial right, and is not appealable. The second order was not appealable in any event. Brown v. Minnesota Thresher Mfg. Co., 44 Minn. 322; Rogers v. Hedemark, 70 Minn. 441. The order was not a judgment, or even an order for a judgment. Child v. Morgan, 51 Minn. 116; Schurmeier v. Johnson, 10 Minn. 250, 319. The test is whether the same evidence will sustain both the present and the former action. West v. Hennessey, supra; Wayzata v. Great Northern Ry. Co., 67 Minn. 385; 1 Van Fleet, Former Adj. § 273.

COLLINS, J.

The nature of the agreement (hereinafter called the "lease") referred to in this opinion will be seen by an examination of Dickinson Co. v. Fitterling, 69 Minn. 162, 71 N. W. 1030. In that case it was held that all of the fixed charges specified in the lease to be paid by the lessees were in fact a part of the rent for the use of the premises, and that the assignee of the lessees—the Dickinson Company, a corporation, which had made an assignment for the

benefit of its creditors to Welch, this appellant—was liable for part of the rent while in possession.

After the decision in that case, Fitterling brought this action to recover from Welch, as assignee, and out of the assets in his hands as such, the sum of $445.32, as a balance due as rent while the premises were in the assignee's possession after the assignment,—21 days in all. The claim was made up of several items,—mainly, the proportionate share of the notes given when the building was erected, secured by a mortgage on the premises, the proportionate share of the interest thereon, and a like share of the taxes, which plaintiff had been compelled to pay. The payment by Welch of $125 on account of rent was acknowledged. A copy of the lease, with copies of the modifications thereof, was made a part of the complaint. As one of his defenses, the assignee alleged in his answer, and as a bar to any recovery, certain proceedings had in the district court in which the assignment proceedings were pending, and that in said proceedings, upon a petition or application made by Fitterling, through which he attempted to obtain an order of the court directing the assignee to pay to him out of the assets of the insolvent a certain sum of money, claimed to be a balance due on account of rent accruing for the same period herein, to which petition the assignee filed an answer, a hearing was had by the court, and its order denying the prayer of the petitioner filed March 10, 1896. It was further alleged that no appeal was taken from the order, and that it stood unaffected and unreversed. It was also alleged that certain subsequent proceedings were taken by Fitterling in respect to his petition and the order, to which further reference will be made.

There is really no dispute as to these proceedings, the controversy being as to their legal effect. It appears that instead of bringing an action against the assignee to recover the balance claimed, after the payment of the $125, Fitterling appeared in the assignment proceedings, with a verified petition or application, in which he set out his ownership of the premises; the amount of rent paid per month by the insolvent prior to the assignment; that the use and occupation were reasonably worth that sum; that the assignee occupied the store for one month after the assignment, and had paid no part of the rental, except the sum of $125. His demand was that the

assignee be ordered to pay the alleged balance, and for such other relief as the court might deem proper. To this petition the assignee answered, setting up, in part, the conditions of the lease, and alleging that thereunder the assignee was not required to pay as rental for one month a greater sum than the $125, which sum he had paid. It was alleged that under this lease, to which reference was made, a large sum of money became due and payable November 1, 1895, but that Fitterling was not entitled to any part of it until that day; that the latter and one Cunnington had entered into some agreement by which Cunnington had assumed the obligation to pay, which matured November 1; and that the assignee was not indebted in any sum on account of the claim maturing on the day last mentioned.

This answer put in issue the construction to be put on the lease, and was drawn, evidently, upon the theory that the fixed charges were no part of the rent,—an erroneous view, as we have seen. But, whatever the theory might have been, it is obvious that the answer put in issue the claim of Fitterling that under the lease he was entitled to collect from the assignee, as rent, a proportionate part of the fixed charges. At the hearing the lease and the modifications thereof were received in evidence as part of the case. Subsequently the court made its order, in which, after reciting that the petition was for an order directing the assignee to pay over "certain moneys by way of rent," the court denied the petition. Soon afterwards, upon an affidavit in which it was asserted that the sum of $125 paid as before stated was only a small part of the rental to be paid by the assignee, and that the court was mistaken as to the amount which should have been paid for the month of October, an order to show cause why a rehearing of the claim should not be had, and a new order made, finding the facts in controversy between the parties, was obtained by Fitterling's counsel. The assignee opposed such action, and the court then denied the application for a rehearing.

It appears then that, soon after the assignee ceased to occupy the building, Fitterling, as the owner, voluntarily appeared in the assignment proceedings, and submitted his claim against such assignee for rent during the month of October. He admitted a pay-

ment of $125, but urged that a larger sum was due. It is true that his petition or application was inartistic, and was not so specific as it should have been in respect to the nature of his claim. It ignored the lease, and demanded rental at the rate which it alleged the insolvent had paid, on the ground that the premises were reasonably worth and of the value of that sum. But the answer set up the fact of the lease, and a portion of its terms and conditions. It referred to the lease for greater certainty, and it denied that Fitterling was entitled to any greater sum than $125, which had been paid by the assignee under these terms and conditions. The issue tendered was in fact a construction of the lease, and at the hearing this instrument, with its subsequent modifications, was submitted to the court as part of the evidence. If this lease was not before the court for construction on that occasion, and for the ascertainment of the sum due from the assignee as rental, if anything, we fail to discover what question was presented for adjudication, or why a hearing was had, or what was accomplished by it. If the lease was before the court for construction, that it might be ascertained from it what amount was due as rent while the assignee was in possession, and the claim that there was a balance due was denied or rejected, it amounted to an adjudication that Fitterling's counsel was wrong in the interpretation he put upon it, and that counsel for the assignee was right, or it determined nothing at all in respect to the controversy.

Fitterling was privileged to select his own mode of presenting his claim and having it adjudicated. He could bring an action either against the assignee in his official capacity, or as an individual alleging a personal liability, or he could proceed, as he did, by petition or complaint, or by motion, as his counsel styles the first step taken, in the pending equitable proceeding. See Nelson v. Kalkhoff, 60 Minn. 305, 62 N. W. 335. But, if defeated in his chosen method of enforcing payment, he was bound by the result. If the method adopted is by a simple motion, and it has been determined, as such, after a full hearing upon a controverted question of fact, the order disposing of it being appealable, as was the one in question, the determination of the litigated point is an adjudication binding upon the parties, and conclusive upon the

points passed upon.    Truesdale v. Farmers L. & T. Co., 67 Minn. 454, 70 N. W. 568.

It is true that the court below did not make findings of fact when disposing of the petition.    It was not to be expected that it would. Such a course would not be irregular or unwarranted, but it would be unusual, if we understand the common practice in the district court.    But the fact that no findings were made cannot stand in the way of a holding that the issues presented in this action were actually litigated and disposed of on the hearing of the petition, if from the record it appears that they were.    As before stated, we think it so appears.    It is urged by counsel for Fitterling that it conclusively appears from the record referred to that the petition or application was simply an attempt to secure an order that a certain stated sum of money be paid over by the assignee, and that it was not considered by the court that it was called upon to determine what was due under the lease.    We cannot take this view, for the petition and the answer clearly raised the issue as to whether there was due, under the terms of the lease, any sum in excess of the $125. This was precisely what the court was asked to determine, and, when it disposed of the petition by denying it, there was the decision of the court that nothing more was due.    This determination was primarily involved in a ruling that the petitioner was not entitled to an order.

It has been urged that as the petition omitted an allegation that the assignee had money in his hands, belonging to the estate, with which to pay the claim, it failed to state a right to have the prayer of the petition granted, and for that reason was demurrable, and, further, that it might have been denied because the assignee was without funds with which to pay.    If the petition failed to state facts sufficient to show a right to the order, it was the fault of the petitioner.    If the assignee chose to answer on the merits, waiving the insufficiency of the petition on this mere formal matter, the former ought not to be heard upon a contention founded on his own failure.    The omission of an allegation in the petition that the assignee then had funds to satisfy the claim was not an omission to allege an essential element of petitioner's cause of action.    The petition, without it, stated a cause of action, but it failed to show that

the petitioner had then the present right to the relief demanded. This was a matter in abatement, going, not to the merits, but to the petitioner's right to proceed at that time. Matters in abatement can only be taken advantage of by demurrer or by answer. They are waived by answering to the merits. G. S. 1894, §§ 5232–5235; Gerrish & Brewster v. Pratt, 6 Minn. 14 (53); 1 Enc. Pl. & Prac. 22. The assignee in this case did neither, but tendered an issue on the merits, viz. that he had paid his claim in full. This issue was tried by the court on the merits. This appears from the record in this case, which shows that the contracts were received in evidence on the hearing. And we think, as before stated, it is obvious that the court below disposed of the petition on the merits of the controversy, not for any special reason, as it would have done had it been denied because the assignee was without funds.

That the suggestion of counsel seems to be an afterthought and without merit appears from an allegation in the answer of the assignee in the first proceeding to the effect that he had taken possession of a portion of the assigned estate,—a stock of merchandise situated in the building on the leased premises,—and that, pursuant to the order of the court, he had sold the same. The fair inference is that he had funds with which to pay the expenses incurred in administering upon the trust estate. Again, we think this appears from the affidavit on which was obtained the order to show cause, in which it is averred, as one of the grounds for a rehearing, that the court had made a mistake as to the amount of rent to be paid for the month of October. And, further than this, it is alleged by Fitterling in the complaint in the present action that the assignee has at all times had in his hands assets sufficient to pay the rent demanded of him. With all these facts and circumstances appearing in this case, we think it would be a rank injustice to hold that possibly the decision of the court upon the petition was predicated upon the fact that the assignee was without funds with which to pay.

Order reversed, and a new trial ordered.

MITCHELL, J. (dissenting).

Conceding that an adjudication upon the merits (as to defendant's

indebtedness to the plaintiff for rent) of plaintiff's motion on summary application in the insolvency proceedings would conclude him, and be a bar to this action, still I am of opinion that the record fails to show any such adjudication.

Plaintiff's application was made on a petition that was defective in substance, in not alleging that the defendant, as receiver, had any funds in his hands, summarily heard on affidavits, and summarily disposed of by an order merely denying the petition. The record nowhere discloses on what grounds it was denied, or what the court passed upon in denying it, except as we may guess or conjecture. The motion or application might, for anything that appears, have been denied because of the insufficiency of the petition, or because the defendant had no funds in his hands, or—what would have been a very natural and good reason—because, the indebtedness being disputed, the court concluded to leave the plaintiff to his action, in which the matter could be tried in the usual way upon full oral evidence. The answer set up an affirmative defense, and the burden was upon the defendant to establish every fact necessary to constitute a complete bar to this action. If the record leaves any doubt as to what was actually litigated and determined in the motion or summary application, this defense has entirely failed. The defendant was bound to show, beyond conjecture or uncertainty, that upon that motion the court tried, considered, and determined every fact and issue, and the precise facts and issues involved in the determination of this action. If the record is uncertain as to what issues were determined, all are open to a new contention. I think it is a new departure in the law of res adjudicata to hold that a former adjudication may be established by mere inference and conjecture. I therefore dissent.

CANTY, J. (dissenting).

I am of the opinion that the petition was defective in failing to state that the receiver had funds in his hands which should be applied to the payment of the petitioner's claim. The answer did not supply this defect in the petition, and for this reason I concur with Justice MITCHELL.